392 So.2d 18 (1980)
Willie JONES, Appellant,
v.
STATE of Florida, Appellee.
No. TT-376.
District Court of Appeal of Florida, First District.
December 4, 1980.
*19 Michael J. Minerva, Public Defender, Nancy A. Daniels, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Charles A. Stampelos, Asst. Atty. Gen., for appellee.
MILLS, Chief Judge.
Appellant Willie Jones contends that his conviction for possession of a weapon by a state prisoner was erroneous because the metal pipe he had in his possession was not a weapon as defined by the statute and rule. We affirm.
Section 944.43, Florida Statutes (1979), provides:
Every prisoner committed to the custody of the department who, while in such custody, possesses or carries upon his person or has under his control any instrument or weapon of any kind or any explosive substance, contrary to any rule or regulation promulgated by the department, is guilty of a felony of the third degree, ...
Rule 33-3.06, F.A.C., the relevant rule of the Department of Corrections defines the prohibited instrument as one that is "customarily used or designed to be used as a dangerous weapon... ."
Jones filed a motion to dismiss the information under Rule 3.190(c)(4), Fla.R. Crim.P., alleging that the object confiscated was a piece of metal pipe or tubing with a coupling mechanism at one end, that the object appeared to be a piece of machinery, and that it did not appear to be altered in any way from its original form of manufacture. Urging that the rule required a showing that the object was altered or modified in order for it to be "designed to be used as a dangerous weapon," the motion asserted that there were no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against Jones. We disagree.
The undisputed fact is that Jones, a state prisoner, was in possession of a metal pipe, but whether that pipe was customarily used or designed to be used as a dangerous weapon was a disputed fact, one which is properly resolved by the trier of fact and not to be resolved by a motion to dismiss. As stated in State v. West, 262 So.2d 457 (Fla. 4th DCA 1972):
The trial court may not try or determine factual issues in a summary judgment proceeding; nor consider either the weight of the conflicting evidence or the credibility of the witnesses in determining *20 whether there exists a genuine issue of material facts; nor substitute itself for the trier of the fact and determine controverted issues of fact. (262 So.2d at 458)
Accordingly, we affirm the trial court's denial of the motion to dismiss the information.
The second error urged by Jones is that the trial court should have granted his motion for judgment of acquittal. There are two prongs to this issue.
The first prong is that at the end of all the evidence Jones moved for judgment of acquittal because the state had failed to introduce the applicable rule of the Department required by the statute. The court allowed the State to reopen the evidence and introduce the rule. The decision to allow the State to reopen the evidence is within the broad discretion of the court and Jones has not established that the decision here was an abuse of discretion. Dees v. State, 357 So.2d 491 (Fla. 1st DCA 1978). Accordingly, we find no error on this issue. In light of the way this issue has been presented to this court, we do not rule on the applicability, if any, of Section 90.202(9), Florida Statutes (1979).
The second prong is the allegation that the evidence is insufficient to support Jones' conviction in that the evidence did not establish that the pipe was a dangerous weapon as defined by the rule. Evidence which would support the jury's verdict was that a correctional officer testified that he saw Jones on the prison grounds with his hands in his pockets. Because he thought Jones looked suspicious, the officer went up to Jones, searched him, and found a metal pipe concealed in Jones' right pant leg. A prison investigator who interviewed Jones after the incident testified that Jones had explained that he had the pipe because some friends of his had had some trouble that morning and he expected trouble later in the morning. The piece of pipe at issue looked like this:

As noted in our ruling on the first issue, we believe that the question of whether the pipe was an instrument customarily used or designed to be used as a weapon was a jury question. In determining this factual question, the jury was authorized to consider the configuration of the instrument, the way in which it was carried, *21 and Jones' explanation of his possession of it. These factors provide sufficient evidence to support the conviction and we affirm the judge's denial of the motion for judgment of acquittal.
AFFIRMED.
BOOTH and LARRY G. SMITH, JJ., concur.