397 So.2d 711 (1981)
STATE of Florida, Appellant,
v.
Grady Leon PENTECOST, Appellee.
No. 80-239.
District Court of Appeal of Florida, Fifth District.
March 18, 1981.
Rehearing Denied May 1, 1981.
Jim Smith, Atty. Gen., Tallahassee, and Edward M. Chew, Asst. Atty. Gen., Daytona Beach, for appellant.
John A. Baldwin of Baldwin & Dikeou, Fern Park, for appellee.
DAUKSCH, Chief Judge.
This is an appeal from an order dismissing criminal charges against the appellee and an appeal from an order granting the suppression of evidence. The two orders are rather interrelated. The search and seizure was a result of an investigation regarding the sale of drugs. The charges were for the participation in a drug transaction. The trial judge dismissed the charges because he determined the state did *712 not present a prima facie case of guilt against the appellee. Fla.R.Crim.P. 3.190(c)(4). The trial judge granted the motion to suppress because he determined the police lacked probable cause to arrest or search and seize.
Upon a review of the record, we must find there was probable cause to arrest and a right to seize the gun. We also have to say there was at least a prima facie case of guilt shown by the state in contravention of the "(c)(4)" motion. A trier of fact could find the appellee was a participant in the drug transaction as a look-out or protector, both of which operatives are common to large scale drug transactions, such as this one. The fact that the police saw appellee leave with the two persons who were carrying the drugs and that he was later seen circling the area where the sale was being consummated is sufficient to lead to a prima facie finding of involvement. Whether he was involved and to what extent is up to the trier of fact to decide.
The order dismissing the charges cuts off the right of the state to attempt to prove its allegations in much the same manner as a summary judgment proceeding on the civil side. So long as the state barely shows a case against the accused it should be allowed to proceed with its case. Then if the accused is entitled to a directed verdict at trial or an acquittal, each party has been given its due. It is only when the state cannot establish even the barest bit of a prima facie case that it should be prevented from prosecuting. State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981); State v. Fort, 380 So.2d 534 (Fla. 5th DCA 1980); State v. J.T.S., 373 So.2d 418 (Fla. 2d DCA 1979).
REVERSED AND REMANDED.
ORFINGER and COWART, JJ., concur.