404 So.2d 844 (1981)
STATE of Florida, Appellant,
v.
Billy CARROLL, Appellee.
No. 81-427.
District Court of Appeal of Florida, Fifth District.
October 14, 1981.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellee.
*845 DAUKSCH, Chief Judge.
This is an appeal from an order dismissing a charge of dealing in stolen property.
After being charged with the crime the appellee filed a motion under Rule 3.190(c)(4), Florida Rules of Criminal Procedure, alleging the essential facts of the case are undisputed and those facts do not establish a prima facie case of guilt against him. He said
a) the Defendant, Billy Carroll, was in possession of a record player identified by the owner and valued at $10.00, on or about June 25, 1980.
b) the Defendant, Billy Carroll, sold the record player to a pawn shop and received $5.00 for this to the best of his memory.
c) the Defendant, Billy Carroll, received this record player from an individual named "Johnny" the day before he sold it.
d) the Defendant, Billy Carroll, never had any idea this record player was stolen.
The state in its traverse set out certain "disputed" facts which are irrelevant and inadmissible at trial in this case and which do not effectively traverse the appellee's motion. However, the traverse does correctly point out that the question as to whether the appellant knew the record player was stolen is a jury question once the state proves the appellant was in possession of the recently stolen property. The law has provided a presumption of fact. Possession of recently stolen property gives rise to the presumption the possessor knew or should have known the goods are stolen. Sec. 812.022, Fla. Stat. (1979). Edwards v. State, 381 So.2d 696 (Fla. 1980). Thus in order to establish the criminal liability of the appellee it is necessary for the state only to prove the item was stolen and the accused was dealing in it. Once that is established then it is up to the accused to give a reasonable explanation for his having possessed and sold it, if he is to escape conviction. It is up to the trier of the facts, not the judge on summary judgment, to determine the truth of his story. If that were not so then all an accused person would have to do would be to deny knowledge or intent and the state would be out of court without a trial to determine the matter. "C-4" motions, like civil summary judgment motions, should be granted rarely because most cases involve disputed facts and trials are for the resolution of disputed facts. Jones v. State, 392 So.2d 18 (Fla. 1st DCA 1980); State v. West, 262 So.2d 457 (Fla. 4th DCA 1972).
REVERSED AND REMANDED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.