446 So.2d 214 (1984)
STATE of Florida, Appellant,
v.
Patti Lynn HUNWICK, Appellee.
No. 83-1442.
District Court of Appeal of Florida, Fourth District.
February 29, 1984.
Rehearing Denied March 28, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellant.
Harry Gulkin of Varon, Bogenschutz, Williams & Gulkin, P.A., Hollywood, for appellee.
GLICKSTEIN, Judge.
The state appeals the trial court's dismissal of a criminal information. Patti Lynn Hunwick was charged by information together with two other defendants with trafficking in cannabis. Ms. Hunwick filed a sworn motion to dismiss, the state traversed, and the trial court denied Ms. Hunwick's motion. After the charges against a codefendant were dismissed, and while under use immunity, he gave the state a sworn statement, some of which tended to exonerate Ms. Hunwick. Ms. Hunwick filed a supplemental sworn motion to dismiss, *215 incorporating excerpts from the former codefendant's statement. The state again traversed. The court dismissed the information, having found there was no dispute as to material facts and the state had failed to make out a prima facie case of constructive possession against Ms. Hunwick.
Ms. Hunwick's sworn motion and the state's traverse showed agreement as to many material facts. However, the state denied Ms. Hunwick's representation that she had never had control of the boat of which she was an occupant when she and it were apprehended and a large cache of marijuana was found aboard. The state denied further that Ms. Hunwick had no conversation with them after her arrest and that she lacked the knowledge and control requisite to the marijuana possession offense. To support what it contends was its prima facie case against Ms. Hunwick, the state pointed to the following facts: Ms. Hunwick had checked into a Bimini hotel two days before the arrest, and had rented rooms for a group of people including her two codefendants; Ms. Hunwick had arrived at the hotel in a speed boat of the same size and make as the boat that was seized, and the statement of her codefendant, the boat operator, when the boat was stopped, that the group had been fishing, was inconsistent with the condition of the fishing equipment aboard; an officer's observation of a hollow sound forward and of fresh caulking indicated there was a secret, newly constructed compartment; the boat fled when the boat occupants were invited to go to the coast guard station; the officers' chase of the boat ended only when an officer shot out the engine; between the disablement of the boat and the officers' reboarding, Ms. Hunwick retrieved an object from the forward hold which the boat operator threw overboard; when an officer opened the hold he at once smelled marijuana and saw bales of it; seventeen bales, weighing over 450 pounds were recovered from the boat, and Ms. Hunwick told law enforcement officers she knew the boat operator well and had been with him the past several days in Bimini. In its second traverse the state denied every allegation of Ms. Hunwick's supplemental motion to the effect she had no knowledge or control of the marijuana, nor control of the boat.
Ms. Hunwick's sworn motion for dismissal and supplemental motion for dismissal were pursuant to Rule 3.190(c)(4), Florida Rules of Criminal Procedure. Ms. Hunwick contended there were no material disputed facts, and the undisputed facts did not establish a prima facie case of guilt against her.
Rule 3.190(d), Florida Rules of Criminal Procedure, is understood to state a sworn motion to dismiss under (c)(4) must be denied if the state has filed a sworn traverse which with specificity denies a material fact or facts contained in the motion to dismiss. State v. Oberholtzer, 411 So.2d 376 (Fla. 4th DCA), pet. for rev. denied, 419 So.2d 1199 (Fla. 1982). Like summary judgment motions in civil cases, Criminal Procedure Rule 3.190(c)(4) motions should be granted rarely, for in most cases there are factual disputes that are properly to be resolved by the jury. State v. Carroll, 404 So.2d 844 (Fla. 5th DCA 1981); Jones v. State, 392 So.2d 18 (Fla. 1st DCA 1980); State v. West, 262 So.2d 457 (Fla. 4th DCA 1972). On a motion to dismiss, the state is entitled to a construction most favorable to it; all inferences are resolved against the defendant. State v. Green, 400 So.2d 1322 (Fla. 5th DCA 1981); State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981); State v. Fetherolf, 388 So.2d 38 (Fla. 5th DCA 1980). So long as the state shows the barest prima facie case, it should not be prevented from prosecuting. State v. Pentecost, 397 So.2d 711 (Fla. 5th DCA 1981). The defendant is protected in that if the state's case is insufficient at trial, the defendant may obtain a directed verdict of acquittal, or the jury will find the defendant not guilty. See id. In sum, only where the most favorable construction to the state would not establish a prima facie case of guilt should a Rule 3.190(c)(4), Florida Rules of Criminal Procedure, motion to *216 dismiss be granted. State v. Horton, 442 So.2d 408 (Fla. 2d DCA 1983).
In a Rule 3.190(c)(4), Florida Rules of Criminal Procedure, proceeding, the trial court may not try or determine factual issues nor consider either the weight of the conflicting evidence or the credibility of the witnesses. State v. J.T.S., 373 So.2d 418, 419 (Fla. 2d DCA 1979) (quoting State v. West, 262 So.2d 457, 458 (Fla. 4th DCA 1972)). In the instant case there is agreement respecting many material facts, but the state denies that Ms. Hunwick never had control of the speed boat nor at least constructive possession of the cannabis. The state supports its position with the circumstantial evidence recited above.
It may indeed be that in presenting its case to the jury, the state will be unable to overcome equally inferable hypotheses of Ms. Hunwick's innocence. But the state was not required to produce all of its evidence in its traverse, Oberholtzer, supra, and weighing the evidence is for the jury. To prove Ms. Hunwick's constructive possession, the state will have to show Ms. Hunwick had dominion and control over the contraband, knowledge the contraband was present, and knowledge the contraband was illegal. Ivey v. State, 420 So.2d 613 (Fla. 4th DCA 1982), pet. for rev. denied, 429 So.2d 6 (Fla. 1983). Be that as it may, knowledge can only infrequently be shown by direct evidence, but is inferred from the facts and circumstances.
We think the state made out the bare prima facie case necessary to overcome Ms. Hunwick's sworn motion to dismiss, and the trial court erred in granting Ms. Hunwick's motion.
REVERSED and REMANDED for further proceedings.
HURLEY, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.