PER CURIAM.
Appellant, State of Florida, contends that the trial court erred by granting the motion to dismiss Count I of the amended information. We agree.
Appellee, Bobby L. Dixon, was charged by amended information with trafficking in drugs in Count I, possession and sale of a controlled substance in Counts II and III, and conspiracy to traffic in Count IV. Defense counsel filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The state filed a traverse specifically denying paragraphs six, seven, nine and ten of the motion to dismiss. Those paragraphs related only to the material elements of Count I. The trial court granted the motion to dismiss as to Count I with leave for the state to file an amended traverse. The state filed a motion for rehearing and an amended traverse. Upon reconsideration, the trial judge commented that he had accepted guilty pleas on Counts II, III and IV, and that those pleas might be withdrawn if the court changed its ruling on Count I. The trial judge also noted that appellee maintained his innocence as to Count I, although he had admitted guilt on the other counts. The trial court then reaffirmed the dismissal of Count I.
When a defendant files a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), and the state, in response, files a traverse which places the factual issues in dispute, the trial court is obligated to deny the motion to dismiss. State v. Cook, 354 So.2d 909 (Fla.2d DCA 1978), cert. dismissed, 359 So.2d 1212 (Fla.1978); State v. Power, 369 So.2d 96 (Fla.2d DCA 1979); Fla.R.Crim.P. 3.190(d) (1984).
Here, in response to a motion to dismiss, the state filed a traverse and an amended traverse which were sufficiently specific so as to create a factual dispute. Therefore, the motion to dismiss Count I of the information should have been denied in this case. It appears that the trial judge dismissed Count I based on circumstances outside of the traverse; namely, the possibility that the defendant’s guilty pleas would be withdrawn.
For the foregoing reasons, we reverse and remand to the trial court for proceedings in accordance with this opinion.
HOBSON, A.C.J., and GRIMES and CAMPBELL, JJ., concur.