463 So.2d 1252 (1985)
STATE of Florida, Appellant,
v.
Clarence FULLER, Appellee.
No. 84-868.
District Court of Appeal of Florida, Fifth District.
February 21, 1985.
*1253 Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellant.
Linda Gloeckner of Edward R. Kirkland, P.A., Orlando, for appellee.
SHARP, Judge.
The state appeals the trial court's dismissal of count one of an information which charged Fuller with carrying a concealed weapon.[1] We find that the trial court erred in granting Fuller's motion to dismiss pursuant to Rule 3.190(c)(4) of the Florida Rules of Criminal Procedure, and we reverse.
Appellee was injured in an automobile accident on November 25, 1983. As he lay unconscious on the ground, his sister's girlfriend, Cathy, and her mother, removed his jacket from his body. Cathy held it for a time and then placed it on the trunk of his car. Later the jacket was handed back to Cathy by another bystander. She held it and then handed it to the police. The police thereafter found a .38 Special firearm in a *1254 pocket of the jacket, which belonged to Fuller and was registered in his name. Cathy said the jacket's weight did not change, in her opinion, at any time while she was handling it.
Appellee moved to dismiss the concealed firearm count on the ground that the undisputed facts did not make a prima facie case of guilt because Cathy could not establish a continuous chain of custody of the jacket after its removal from appellee's body. The trial court ruled this was too weak a case to send to the jury.
This court has repeatedly held that a (c)(4) motion should not be granted if any facts or inferences from any facts establish a prima facie case against the defendant. State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981). All inferences that arise must be taken in the light most favorable to the state. A (c)(4) motion is similar to a summary judgment in a civil case and should be granted sparingly. State v. Patel, 453 So.2d 218 (Fla. 5th DCA 1984); State v. Raulerson, 403 So.2d 1102 (Fla. 5th DCA 1981); Upton. In considering such a motion the trial court should not determine fact issues or consider the weight of conflicting evidence or the credibility of witnesses. State v. Pettis, 397 So.2d 1150 (Fla. 5th DCA 1981); State v. Fort, 380 So.2d 534 (Fla. 5th DCA 1980). To counter a (c)(4) motion, the state need not produce evidence sufficient to sustain a conviction. It need only show sufficient reasonable inferences to make a prima facie case. State v. Fetherolf, 388 So.2d 38 (Fla. 5th DCA 1980).
In the present case we think there are reasonable inferences from the undisputed facts that Fuller was carrying a concealed weapon at the time of the accident. His own gun was found in his jacket pocket and the jacket weighed the same before and after Cathy removed it from his body and took it back from a bystander. She did not put the revolver in his pocket. Therefore, a permissible inference is possible and reasonable that Fuller placed the gun in his own pocket and concealed it there prior to his accident. Where undisputed facts or inferences permit the conclusion that the defendant may be found guilty, a (c)(4) motion should be denied. State v. De Jerinett, 283 So.2d 126 (Fla. 2d DCA), cert. denied, 287 So.2d 689 (Fla. 1973).
Accordingly, the order dismissing Count One of the information is
REVERSED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] § 790.01, Fla. Stat. (1983).