469 So.2d 230 (1985)
David Ray VANHOOSEN, Appellant,
v.
STATE of Florida, Appellee.
No. BA-245.
District Court of Appeal of Florida, First District.
May 29, 1985.
*231 J. Peter France, of Green, Dees & France, Pensacola, for appellant.
Jim Smith, Atty. Gen., and Patricia Conners, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals the trial judge's order finding him guilty of possession of a counterfeit controlled substance with intent to deliver, in violation of section 831.31, Florida Statutes. Appellant pled nolo contendere to the offense, specifically reserving his right to appeal the trial judge's denial of his Florida Rule of Criminal Procedure 3.190(c)(4) motion to dismiss. We affirm.
Pursuant to a search warrant, a police officer searched appellant's residence and seized two bottles of green triangle shaped pills that were similar in appearance to the controlled substances dexamyl (dextroamphetamine sulfate) and amobarbital. The lab report performed on the pills revealed that they were not controlled substances, but instead were merely caffeine tablets. Consequently, appellant was charged with unlawfully and knowingly possessing a counterfeit controlled substance with the intent to deliver in violation of section 831.31, Florida Statutes.
Appellant moved to dismiss pursuant to rule 3.190(c)(4), stating that the following facts are not in dispute: Pursuant to a search warrant, an officer seized two bottles of green triangle shaped tablets from appellant's residence; neither the bottle nor the labeling falsely identified the tablets as controlled substances named or described in section 893.03, Florida Statutes; subsequent laboratory analysis established that the tablets were not controlled substances. Appellant asserted that the undisputed facts did not establish a prima facie case of guilt against him. The State traversed the motion stating that disputed material facts exist; that the tablets seized were of the same marking or imprint as dexamyl and amobarbitol.
At the hearing on the motion, appellant's attorney represented that the bottles seized had no markings on them and that the pills themselves contained the imprint "DEX L-10," while the real dexamyl tablets are marked "SKF D-93." The prosecutor responded that the seizing officer's report and statements relate that the seized tablets were:
Of the same color, markings, and likeness of other legitimate controlled substances that he is familiar with. Now, I can't dispute what Mr. France [the defense attorney] is saying. Of course Mr. France is not a witness, either, but what the PDR may show as to one particular brand and what the officer told me and what I placed in the traverse are two different things. I think at this point it creates a factual issue that will be determined at .
The trial judge determined that the traverse presented a factual issue and therefore he denied the 3.190(c)(4) motion.
We do not reach the merits of the argument presented by appellant. He relates that section 831.31(2)(b), the only portion of the statute under which he could be prosecuted, proscribes only the possession, with intent to sell, manufacture, or deliver, of a noncontrolled substance that is identified by its container or labeling as a controlled substance. He therefore contends that the charging statute does not reach the factual circumstance present in this case where the noncontrolled substance in his possession was not identified by its container or labeling as a controlled substance.
The only avenue of relief pursued by appellant was a 3.190(c)(4) motion. However, such a motion "must be denied if the State has filed a sworn traverse which with specificity denies a material fact or facts contained in the motion to dismiss." State v. Hunwick, 446 So.2d 214 (Fla. 4th DCA 1984). Rule 3.190(c)(4) motions should be granted rarely since factual disputes are to be resolved by the jury. State v. Carroll, 404 So.2d 844 (Fla. 5th DCA 1981); Jones v. State, 392 So.2d 18 (Fla. 1st DCA 1980). On a motion to dismiss, the State is entitled to a construction most favorable to it and all inferences are to be *232 resolved against the defendant. Hunwick. As long as the State shows the barest prima facie case, it should not be prevented from prosecuting. Hunwick; State v. Pentecost, 397 So.2d 711 (Fla. 5th DCA 1981). Since the record before the trial judge did not show conclusively that the State could not prove that the pills seized were labeled in such a way to indicate that they were controlled substances and thus that the requirements of section 831.31(2)(b) could not be met, material disputes of fact were still in existence at the time the 3.190(c)(4) motion was made and ruled upon by the trial judge. Thus, he was correct in denying the motion. Having pursued no further relief below, appellant is entitled to no relief on appeal.
AFFIRMED.
BOOTH AND BARFIELD, JJ., concur.