490 So.2d 1370 (1986)
STATE of Florida, Appellant,
v.
John Henry BOOM, Appellee.
No. 85-1350.
District Court of Appeal of Florida, Second District.
July 11, 1986.
Jim Smith, Atty. Gen., Tallahassee and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellant.
William L. Blackwell of Blackwell & Beal, P.A., Naples, for appellee.
RYDER, Judge.
The state appeals a trial court order which granted appellee's motion to dismiss an information. We reverse.
The fact that the state filed a sworn traverse which disputed the material facts was enough to require the trial court to deny appellee's motion to dismiss. State v. Dixon, 450 So.2d 1280 (Fla. 2d DCA 1984); State v. Cook, 354 So.2d 909 (Fla. 2d DCA), cert. dismissed, 359 So.2d 1212 (Fla. 1978); State v. Wood, 299 So.2d 111 (Fla. 2d DCA 1974). In this case, the state's sworn traverse presented additional facts upon which it hoped to prove that appellee intended to assist another person to commit a crime. Although appellee argues that the state's additional factual allegations did not create any factual dispute, as long as the undisputed facts "permit the conclusion that the defendant could be found guilty, the motion must be denied." State v. Upton, 392 So.2d 1013, 1015 (Fla. 5th DCA 1981) (emphasis added.) It is not the trial court's function to determine whether the state's evidence excluded all reasonable hypotheses of innocence. State v. Fry, 422 So.2d 78, 79 (Fla. 2d DCA 1982). As long as the state shows the barest prima facie case, it should not be prevented from prosecuting it. State v. Hunwick, 446 So.2d 214, 215 (Fla. 4th DCA 1984). All inferences must be resolved against the defendant and in favor of the state. Id. at 215; Vanhoosen v. State, 469 So.2d 230, 231-32 (Fla. 1st DCA 1985). The inferences which arise from the facts of this case when viewed in favor of the state require us to reverse the trial court order which granted appellee's motion to dismiss. State v. Fuller, 463 So.2d 1252 (Fla. 5th DCA 1985).
Reversed and remanded.
SCHEB, A.C.J., and CAMPBELL, J., concur.