508 So.2d 1268 (1987)
STATE of Florida, Appellant,
v.
Garth BAILEY, Appellee.
No. 4-86-1994.
District Court of Appeal of Florida, Fourth District.
May 27, 1987.
Rehearing and Rehearing Denied July 22, 1987.
*1269 Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellant.
Carl H. Lida of the Law Offices of Carl H. Lida, P.A., Miami, for appellee.
Rehearing and Rehearing En Banc Denied July 22, 1987.
PER CURIAM.
This is a timely appeal of a final order granting appellee's motion to dismiss a charge of manslaughter. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(A). We reverse.
The facts presented at the motion to dismiss indicate that appellee, Garth Bailey, was sitting in a chair close to the victim, Mary Lou Young, as she cooked breakfast. Appellee stated he was showing the victim his gun when it accidentally went off. The victim was killed by a bullet wound to her head. There is no evidence of animosity between appellee and the victim and there were no signs of a struggle. There were no eyewitnesses to the incident other than appellant. The muzzle of the weapon, a 9 mm Smith and Wesson with an oversized 20 round clip, was three to six inches from the victim's head when it was discharged. The bullet went through the victim's right ear, exiting on the left side of her head. The gun was nearly new and there was no contention that it was not operating properly. Appellee's attorney conceded that appellee pulled the trigger of the gun.
As a result of this incident, appellee was charged with manslaughter. Appellee filed a motion to dismiss the charge, arguing there was an insufficient showing of culpable negligence as a matter of law. The trial judge stated that although he personally believed there was a showing of culpable negligence, he felt this court's decision in Getsie v. State, 193 So.2d 679 (Fla. 4th DCA 1966), was controlling and compelled him to grant the motion.
We find it unnecessary to address the correctness of Getsie at this time, as the posture of the present case is so clearly different from that of Getsie. In Getsie, after conclusion of a jury trial, this court found that as a matter of law, the evidence presented was not sufficient for a jury to conclude that the defendant was guilty of culpable negligence. The present case is an appeal of the trial court's action on a pretrial motion to dismiss. At this stage, it is only necessary that the facts alleged by the state, viewing all inferences in favor of the state, constitute a prima facie case.
To counter a Florida Rule of Criminal Procedure 3.190(c)(4) motion, the state need not produce evidence sufficient to sustain a conviction. State v. Fuller, 463 So.2d 1252, 1254 (Fla. 5th DCA 1985). So long as the state shows the barest prima facie case, it should not be prevented from prosecuting. State v. Hunwick, 446 So.2d 214, 215 (Fla. 4th DCA 1984); State v. Pentecost, 397 So.2d 711, 712 (Fla. 5th DCA 1981). "If the defendant is thereafter entitled to a directed verdict or acquittal, each party has been given its due." State v. Carda, 495 So.2d 912, 914 (Fla. 3d DCA 1986).
*1270 In the present case, viewing all inferences in favor of the state, we feel the facts adduced constitute a prima facie case for the crime charged. Accordingly, we reverse.
LETTS, GLICKSTEIN and DELL, JJ., concur.