552 So.2d 281 (1989)
STATE of Florida, Appellant,
v.
David HARGROVE, Appellee.
No. 89-0460.
District Court of Appeal of Florida, Fourth District.
November 15, 1989.
Rehearing Denied December 14, 1989.
*282 Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellant.
Geoffrey C. Fleck of Friend & Fleck, South Miami, for appellee.
PER CURIAM.
The underlying matter was here earlier in Hargrove v. State, 530 So.2d 441 (Fla. 4th DCA 1988). The state's eye witnesses recanted their testimony and the trial court granted the defendant's motion to dismiss. We reverse.
In State v. Hunwick, 446 So.2d 214 (Fla. 4th DCA 1984), this court discussed rule 3.190(c)(4) motions and said:
Like summary judgment motions in civil cases, Criminal Procedure Rule 3.190(c)(4) motions should be granted rarely, for in most cases there are factual disputes that are properly to be resolved by the jury. State v. Carroll, 404 So.2d 844 (Fla. 5th DCA 1981); Jones v. State, 392 So.2d 18 (Fla. 1st DCA 1980); State v. West, 262 So.2d 457 (Fla. 4th DCA 1972). On a motion to dismiss, the state is entitled to a construction most favorable to it; all inferences are resolved against the defendant. State v. Green, 400 So.2d 1322 (Fla. 5th DCA 1981); State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981); State v. Fetherolf, 388 So.2d 38 (Fla. 5th DCA 1980). So long as the state shows the barest prima facie case, it should not be prevented from prosecuting. State v. Pentecost, 397 So.2d 711 (Fla. 5th DCA 1981). The defendant is protected in that if the state's case is insufficient at trial, the defendant may obtain a directed verdict of acquittal, or the jury will find the defendant not guilty. See id. In sum, only where the most favorable construction to the state would not establish a prima facie case of guilt should a Rule 3.190(c)(4), Florida Rules of Criminal Procedure, motion to dismiss be granted. State v. Horton, 442 So.2d 408 (Fla. 2d DCA 1983).
In a Rule 3.190(c)(4), Florida Rules of Criminal Procedure, proceeding, the trial court may not try or determine factual issues nor consider either the weight of the conflicting evidence or the credibility of the witnesses. State v. J.T.S., 373 So.2d 418, 419 (Fla. 2d DCA 1979) (quoting State v. West, 262 So.2d 457, 458 (Fla. 4th DCA 1972).
Id. at 215-16. To reiterate, "the state need not produce evidence to sustain a conviction. State v. Fuller, 463 So.2d 1252, 1254 (Fla. 5th DCA 1985). So long as the state shows the barest prima facie case, it should not be prevented from prosecuting." State v. Bailey, 508 So.2d 1268, 1269 (Fla. 4th DCA), rev. denied, 518 So.2d 1273 (Fla. 1987).
The question for our resolution is whether the additional evidence from Embrey, that he assumed it was appellee who did the shooting because he recognized the car and the shirt sleeve as matching the car appellee got into and the shirt appellee was wearing, is enough independent proof to state the "barest prima facie case" against appellee in light of Embrey's recantation of his previous testimony positively identifying appellee as the victim's killer.
The trial court granted the motion to dismiss finding that "the risk of convicting an innocent accused, in the absence of any evidence corroborating the witnesses' testimony, is simply too great." The trial court also specifically mentioned Embrey's comments in the following light: "[t]he only arguably corroborative evidence consists of *283 one of the witnesses' recanting statements itself." The trial court added the specific finding that Embrey and Troutman's recanted testimony made them "utterly unreliable, untrustworthy, and perjurious."
This last statement particularly is a direct comment on the credibility of the witness which is prohibited in a ruling on a rule 3.190(c)(4) motion to dismiss. Hunwick, 446 So.2d at 216. Dismissals in criminal cases, like summary judgments in civil cases, are to be cautiously granted. Id. at 215. We believe appellant is protected, as the defendants in Hunwick and Bailey, in that if the state's case is insufficient at trial, he may obtain a directed verdict of acquittal, or a jury verdict of not guilty.
GLICKSTEIN, DELL and WALDEN, JJ., concur.