## ROSS v STATE OF FLORIDA
### Case No. 89-21-AP
Fourth Judicial Circuit, Duval County
March 9, 1990

### APPEARANCES OF COUNSEL

**Robert M. Harris, Esquire,** for appellant.
**Libby West, Esquire,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

PETER D. WEBSTER, Circuit Judge.

### *OPINION ON APPEAL*

Appellant, defendant below, appeals his conviction of driving under the influence, pursuant to Section 316.193(1), Florida Statutes (1989). The conviction followed a plea of nolo contendere, after the trial court

orally denied defendant's sworn motion to dismiss the information, made pursuant to Rule 3.190(c)(4), Florida Rules of Criminal Procedure. Defendant expressly reserved the right to seek review of the order denying his motion to dismiss, which motion the state agreed would have been dispositive, had it been granted. The sole issue presented in this appeal is whether the trial court committed reversible error when it denied defendant's motion to dismiss. This Court has jurisdiction. Fla. R. App. P. 9.140(b)(1).

Defendant filed a sworn motion to dismiss, in which he asserted (1) that no material facts were in dispute, and that the undisputed facts failed to establish a prima facie case; (2) that no witness could place defendant in the car until after the car had already come to rest; and (3) that no witness could testify "that the defendant was in actual physical control of the vehicle in the form of a running engine or keys in the ignition, only that he was seated behind the drivers [sic] wheel." The state filed a traverse in which it denied all of the assertions contained in the motion to dismiss. In addition, the traverse contained the assertions that "a civilian witness saw the Defendant's driving pattern and saw the Defendant in the driver's seat immediately after the car came to rest" and that "when the witness approached the Defendant's car, the Defendant was the only person in the car." In ruling on the motion to dismiss, the trial court considered the depositions of the arresting officer (J. K. Lentz) and the "civilian witness" (Charles R. McDaniel) and an affidavit from Mr. McDaniel, in addition to the motion to dismiss and the traverse, without objection by the state. *See* Fla. R. Crim. P. 3.190(d).

A motion to dismiss made pursuant to Rule 3.190(c)(4) "should be granted sparingly and only when no factual basis exists which could establish a prima facie case of guilt." *State v Patel,* 453 So.2d 218, 219 (Fla. 5th DCA 1984). Moreover, "[o]n a motion to dismiss, the State is entitled to a construction most favorable to it and all interferences are to be resolved against the defendant. . . . As long as the State shows the barest prima facie case, it should not be prevented from prosecuting." *Vanhoosen v State,* 469 So.2d 230, 231-32 (Fla. 1st DCA 1985). *Accord State v Gomez,* 508 So.2d 784 (Fla. 5th DCA 1987); *State v Boom,* 490 So.2d 1370 (Fla. 2d DCA 1986); *State v Hunwick,* 446 So.2d 214 (Fla. 4th DCA 1984). Thus, for purposes of this appeal, the dispositive question is whether, viewed in a light most favorable to the state and resolving all inferences against defendant, the evidence establishes "the barest prima facie case."

Viewed in a light most favorable to the state, the evidence before the trial court was as follows: At approximately 9:00 p.m. on New Year's

Day 1989, Charles McDaniel saw a car being driven erratically in front of him on San Pablo Road in Jacksonville. The car had only one occupant, but Mr. McDaniel did not see the occupant clearly at that time. There is nothing to indicate that there were any other vehicles in the vicinity. Mr. McDaniel lost sight of the car "for approximately 45 seconds to a minute and a half from the time when [he] first say him." When Mr. McDaniel again saw the car, it was stopped by the side of the road, near an intersection. The car "had wiped out [a] fence," and was damaged. The car had its "lights on," but the engine was not running. Mr. McDaniel went to the car and found defendant "in the driver's seat with his head resting across the console, if there was a console, to the passenger seat." Defendant "acted very nervous," and "kept asking . . . if he could go or if he could go up to a house and make a phone call." There was nobody else in the car, or in the general vicinity. Mr. McDaniel helped defendant out of the car, and defendant went to the nearest house and knocked on the door, but "the lady would not let him in." Mr. McDaniel did not know who turned off the ignition, and "did not pay any attention" to whether the key was in the ignition. Another individual, who lived in the area, arrived four or five minutes later, and said that he had called the police. An officer arrived about twenty minutes later.

When the officer arrived, he approached defendant, who was standing beside the car, in the road. The officer "smelled a fairly strong odor of an alcoholic beverage," and requested that defendant perform a series of field sobriety tests. Defendant performed the tests "[v]ery poorly," whereupon he was placed under arrest and advised of his rights. After he had been advised of his rights, defendant stated "that most of his impairment was due to him taking Darvon for a cold or some kind of medical problem that he had." However, it was clear to the officer that defendant "was pretty drunk."

The question, thus, is whether the foregoing is sufficient to establish "the barest prima facie case" that defendant was "driving or in actual physical control of a vehicle" while "under the influence of alcoholic beverages . . . to the extent that his normal faculties [were] impaired." § 316.193(1), Fla. Stat. (1989). Defendant did not suggest in the trial court (and does not argue here) that the evidence was not sufficient to establish that he was intoxicated and that "his normal faculties [were] impaired." Rather, his argument in the trial court and on this appeal is that the evidence is, as a matter of law, insufficient to establish a prima facie case that he was either "driving" or "in actual physical control of" the car while in that intoxicated condition because there is no evidence that he was the driver of the car or that the key was in the ignition. The Court is unable to accept defendant's argument.

66

The appellate decisions addressing the issue presented by this appeal reveal that there is no single fact which is determinative, but that, rather, *all* of the relevant facts must be considered. *See, e.g., State v Boynton,* 15 FLW D19 (Fla. 4th DCA, Dec. 20, 1989); *Mitchell v State,* 538 So.2d 106 (Fla. 4th DCA 1989); *Fieselman v State,* 537 So.2d 603 (Fla. 3d DCA 1989); *Griffin v state,* 457 So.2d 1070 (Fla. 2d DCA 1984); *County of Dade v Pedigo,* 181 So.2d 720 (Fla. 3d DCA), *cert. denied,* 188 So.2d 817 (Fla. 1966). Here, the evidence, viewed in a light most favorable to the state, establishes the following facts: The car in question (with only one occupant) was seen being driven erratically. Forty-five seconds to a minute and a half after the witness lost sight of the car, the witness came upon the car stopped by the side of the road, near an intersection, where it was damaged as a result of having "wiped out [a] fence." The engine was not running, but the lights were on. Defendant, who "acted very nervous," was in the driver's seat. Defendant was the only person in the car, and there was nobody else in the vicinity. In the Court's opinion, this evidence, while entirely circumstantial, is stronger than the evidence in either *Mitchell* or *Fieselman,* in both of which cases the court found the evidence legally sufficient to overcome motions to dismiss.

The Court believes that the evidence in this case is more than sufficient to establish a prima facie case. While there is no direct evidence, there is substantial circumstantial evidence from which a jury could reasonably conclude that defendant, while intoxicated, drove the car to the place where it came to rest, and that he was "in actual physical control of" the car at that time. *See State v Boynton,* 15 FLW D19 (Fla. 4th DCA, Dec. 20, 1989).

The trial court's order denying the motion to dismiss was correct. Therefore, it is AFFIRMED.

DONE, ORDERED AND ADJUDGED at Jacksonville, Duval County, Florida, this 9th day of March, 1990.