ANSTEAD, Judge.
The state challenges the trial court’s orders granting appellees’ sworn motions to dismiss criminal conspiracy charges. We reverse.
The facts presented in the sworn motions indicate that the appellees, Michael Bell, Douglas Zuk, and Elsoner Georgia, were arrested when a police officer, responding to an official call, spotted the appellees on a condominium roof. Two of the appellees were wearing face masks. The officer called for backup, but by the time the second officer arrived appellees had come down from the roof and the officers arrest *1005 ed them for trespassing. Bell had in his possession a gym bag and a stungun. The state charged each defendant with conspiracy to commit robbery with a weapon.
Subsequently, each appellee submitted a sworn motion to dismiss alleging that they had discussed the robbery and formulated a plan, but had become too scared to see the plan through to completion. They alleged that shortly after their arrests they gave the police statements indicating that the plan was “stupid” and that they had “dissuaded each other” from going through with it. The state filed a sworn traverse stating its belief that the officers’ presence at the condominium was the reason for the defendants’ renunciation of their plan. The trial court dismissed the charges on the basis that it was undisputed that appellees had renounced any intention to commit a robbery.
In State v. Hunwick, 446 So.2d 214, 215 (Fla. 4th DCA 1984), this court reiterated the general rule that motions to dismiss criminal informations should be granted rarely because in most instances, when the factual circumstances are viewed in the light most favorable to the state, factual disputes remain for resolution by a jury. So long as the state shows the “barest prima facie case” against the defendant, it should not be prevented from prosecuting the ease. On the other hand, if there are no disputed issues of material fact, and the undisputed facts support the defendant’s innocence, the motion to dismiss should be granted. The denial of such a motion does not mean that a weak case on the state’s part will not eventually result in a directed verdict for the defendant or that the jury will acquit him. Id.; see also State v. Bailey, 508 So.2d 1268, 1269 (Fla. 4th DCA), rev. denied, 518 So.2d 1273 (Fla.1987); State v. Pentecost, 397 So.2d 711 (Fla. 5th DCA 1981). See also Fla.R.Crim.P. 3.190(d); State v. Oberholtzer, 411 So.2d 376 (Fla. 4th DCA), rev. denied, 419 So.2d 1199 (Fla.1982).
Appellees alleged that while on the condominium roof they agreed among themselves that the robbery plan was stupid and, motivated by fear, they decided not to see it through. The state, on the other hand, asserted that appellees chose not to see the plan through because they saw the police officer arrive at the condominium. We believe the facts here give rise to conflicting inferences about appel-lees’ intent that a trier of fact must sort out. Since the appellees were, in essence, caught in the act, we believe a jury could reasonably reject their claim of renunciation. While the appellees have substantial evidence of renunciation in the form of their own statements, we do not believe that evidence is sufficient to require a resolution in their favor as a matter of law.
Accordingly, we reverse and remand for further proceedings in accord herewith.
GUNTHER and WARNER, JJ., concur.