600 So.2d 1236 (1992)
STATE of Florida, Appellant,
v.
Richard FEAGLE, Appellee.
No. 90-946.
District Court of Appeal of Florida, First District.
June 11, 1992.
*1237 Robert A. Butterworth, Atty. Gen., Cynthia Shaw and Sara Baggett, Asst. Attys. Gen., for appellant.
Ralph N. Greene, III, Jacksonville, for appellee.

OPINION ON REHEARING
SHIVERS, Judge.
The state appealed an order of the trial court granting appellee/defendant's motions to dismiss the four counts of the second amended information. In our original opinion, we reversed the trial court's order. See State v. Feagle, 17 F.L.W. 562 (Fla. 1st DCA Feb. 25, 1992). On rehearing, counsel for appellee Feagle alleged certain oversights and requested clarification of our comments about the defense of recantation. Again, we find the state met the requirements of Fla.R.Crim.P. 3.190(d) in its amended traverses. The inferences arising from the facts, when viewed in the state's favor, require us to reverse the trial court's order, and remand for reinstatement of all counts in the second amended information. State v. Boom, 490 So.2d 1370 (Fla. 2d DCA 1986); State v. Fuller, 463 So.2d 1252 (Fla. 5th DCA 1985); State v. Pettis, 397 So.2d 1150 (Fla. 5th DCA 1981). We withdraw our previous opinion *1238 and substitute the following with clarifications thereof.
On June 22, 1989, Feagle gave a sworn statement to the assistant state attorney concerning the case of State v. Ellis, Case No. 89-7317-CF. Feagle testified that his close friend Ralph Ellis and stepfather, Johnny Boehm, had told him of their 1978 murders of three men and of the manner of disposing of the bodies. On December 1, 1989, the defense took Feagle's deposition concerning Ellis' incriminating statements. In the December proceeding, Feagle stated that he could not recall either Ellis' or Boehm's telling him about the murders, and that his knowledge of their statements was based merely on school gossip at the time of the murders. Feagle's inconsistent June and December statements are at the heart of the instant controversy.
The four-count second amended information charged that between June 22, 1989, and December 1, 1989, Feagle committed perjury by inconsistent statements (Count I), in violation of section 837.021(1), Florida Statutes (1989), and served as accessory after the fact (Counts II through IV), in violation of section 777.03, Florida Statutes (1989). Pursuant to Fla.R.Crim.P. 3.190(c)(4), Feagle filed numerous motions to dismiss the information and the state responded with traverses.
Paragraph 2 of the "Facts" section of Feagle's Second Motion to Dismiss Count I alleges "Defendant believed each statement he made on June 22, 1989, and on December 1, 1989, to be true at the time he made it pursuant to Florida Statutes 837.021(4)." That statute provides that in a prosecution for perjury by contradictory statements, "it shall be a defense that the accused believed each statement to be true at the time he made it." In its responsive traverse, the state specifically denied Feagle's allegation he had believed each of his statements to be true at the time he made it. The state added: "Defendant's belief or state of mind is an essential element of the offense and may only be inferred from his acts and surrounding circumstances and is an ultimate question to be decided by the jury. [citations omitted]"
Fla.R.Crim.P. 3.190(d) requires denial of a motion to dismiss where the state files a traverse which with specificity denies under oath a material fact alleged in the motion to dismiss. Fox v. State, 384 So.2d 226, 227 (Fla. 3d DCA), pet. for rev. den., 392 So.2d 1379 (Fla. 1980); State v. Cook, 354 So.2d 909 (Fla. 2d DCA), cert. dism., 359 So.2d 1212 (Fla. 1978). Here the state disputed the existence of an ultimate fact: Feagle's belief that each of his statements was true at the time he made it. We hold the traverse was sufficiently specific to apprise the trial court of the material factual allegations in the motion to dismiss that the state was denying. See State v. Wall, 445 So.2d 646, 649 (Fla. 2nd DCA 1984); State v. Huggins, 368 So.2d 119 (Fla. 1st DCA 1979). Appellee's belief, being a state of mind, is usually a question of fact to be determined by the trier of fact, not by the trial court in a motion to dismiss. State v. Wise, 464 So.2d 1245, 1246 (Fla. 1st DCA), pet. for rev. den., 476 So.2d 676 (Fla. 1985); State v. Stenza, 453 So.2d 169 (Fla. 2d DCA 1984); State v. West, 262 So.2d 457 (Fla. 4th DCA 1972) (trial court may not substitute itself for trier of fact in considering credibility of witnesses).
In the Motion to Dismiss Counts 2, 3 and 4, Feagle argued "[n]owhere in the information does the state allege the truth or falsity of either of the statements, only that they are inconsistent with each other." In its responsive traverse and demurrer, the state specifically denied it is necessary to allege in the information which specific statement made by Feagle aided Ralph Ellis, and added: "It is a question of fact whether the defendant's statement aided Ralph Ellis. Furthermore, the defendant's state of mind must be accessed [sic] by the jury in this case and cannot be subject to a (c)(4) Motion to Dismiss."
The trial court heard the motions to dismiss and held: "Defendant's alleged contradictory statements are, in fact, statements *1239 which were subsequently recanted by the Defendant and it appearing that recantation is an absolute defense as a matter of law, it is ORDERED: The Defendant's Motions to Dismiss each of the four (4) counts of the second amended information are granted."
Recantation is demonstrated in Carter v. State, 384 So.2d 1255 (Fla. 1980), in which the defendant, a chiropractor, stated at deposition in a civil proceeding that he had not treated the plaintiff prior to a certain date. Later, but prior to trial, Carter informed opposing counsel he had in fact treated the plaintiff numerous times prior to that certain date. The state admitted the truth of Carter's later statement, whereas the state here argued "Defendant's alleged beliefs are not the proper subject matter of a [Fla.R.Crim.P.] 3.190(c)(4) Motion to Dismiss." The state disputed what Feagle believed, and what his intent was, at the time of each statement. Those are questions of ultimate fact for the jury and cannot be decided on a motion to dismiss. See State v. Farrugia, 419 So.2d 1118 (Fla. 1st DCA 1982); State v. Fort, 380 So.2d 534 (Fla. 5th DCA 1980) (state's traverse denying or disputing material factual allegations required denial of motion to dismiss).
Section 837.021(3), Florida Statutes (1989), provides that "[i]n any prosecution for perjury by inconsistent statements under this section, it is not necessary to prove which, if any, of the statements is not true." Based on that statute, the state argued that whether one or the other of appellee's statements is true or false is immaterial and need not be proved. Feagle's belief or intent concerning the contradictory statements is relevant and material, however, because section 837.021(1), Florida Statutes (1989), makes willfulness an element of the crime. Because the state's sworn traverses disputed one or more material facts, the trial court erred in granting the motions to dismiss. See Boom, 490 So.2d at 1370; Cook, 354 So.2d at 909.
Responding to the motions to dismiss, the state did not have to produce evidence sufficient to sustain a conviction. See Fuller, 463 So.2d at 1254. At that stage of the proceedings, the trial court is to resolve all inferences of the evidence offered to support dismissal against Feagle, and in favor of the state, and should not make determinations as to fact issues and witness credibility. See State v. Parrish, 567 So.2d 461, 464-65 (Fla. 1st DCA 1990), rev. den., 581 So.2d 167 (Fla. 1991). Because the record before the trial court did not show conclusively that the state could not prove Feagle 1) willfully made contradictory statements in violation of section 837.021, Florida Statutes (1989), and 2) failed to recant, disputes of material fact existed when the court ruled on the motions to dismiss. Accordingly, the motions should have been denied. See Boom, 490 So.2d at 1370; Vanhoosen v. State, 469 So.2d 230 (Fla. 1st DCA 1985); State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981).
Feagle contends he voluntarily recanted in his December 1989 statement, thereby providing a complete defense to the charge of perjury by inconsistent statements pursuant to Brannen v. State, 94 Fla. 656, 114 So. 429 (1927), Carter, and State v. Godby, 498 So.2d 692 (Fla. 5th DCA 1986). The state concedes public policy favors "the correction of erroneous and even intentionally false statements on the part of a witness," see Brannen, 114 So. at 431, but correctly argues those decisions are distinguishable in that Carter and Brannen corrected their false statements, and Godby corrected a misstatement, whereas the state expressly challenged Feagle's assertion that he believed each statement in June and December 1989 to be true when he made it. The public policy underlying the recantation defense is that it encourages a witness to correct erroneous or even intentionally false statements, and "perjury will not be predicated upon such statements when the witness, before the submission of the case, fully corrects his testimony." Brannen, 114 So. at 431; Carter, 384 So.2d at 1257. By disputing and denying Feagle's allegation that he *1240 believed each statement to be true at the time he made it, the state raised the factual question of whether Feagle's statement of December 1, 1989, is a correction of his prior incriminating statement.
In State v. Snipes, 433 So.2d 653 (Fla. 1st DCA 1983), we considered the trial court's dismissal of a perjury charge on grounds of recantation. Under oath, Snipes said two certain individuals had burned down a building. A day later, in response to a deputy sheriff's questioning, Snipes voluntarily admitted he had lied in implicating the two individuals. The state attorney's office charged Snipes with perjury and the defendant moved to dismiss based on the defense of recantation. We determined that all the elements of recantation presented by the Florida Supreme Court in Carter, 384 So.2d at 1257-58, were present: 1) the recantation occurred promptly and voluntarily; 2) the defendant gained nothing from the false statement; 3) no one was prejudiced by the false statement; 4) judicial proceedings were not affected by the false statement; and 5) any subsequent testimony from defendant is consistent with the recanted testimony. See 433 So.2d at 654. On that basis, we affirmed the order of dismissal. Id. at 655. In the present case, however, the required elements of the defense of recantation are not all present. Carter; Snipes.
Appellee's counsel argues the state admitted Feagle had recanted when it charged in Counts II through IV of the second amended information that he "did give aid to Ralph Kermit Ellis by recanting his sworn testimony and committing Perjury in violation of Section 837.02(1), Florida Statutes, knowing that Ralph Kermit Ellis had committed a felony." (emphasis added) The state concedes the information is inartfully worded in that respect, since recantation of another sort is at issue in the case sub judice. The state apparently relied on the general meaning of recant, "to withdraw or repudiate formally and publicly," in charging Feagle with perjury based on his repudiation of the June 1989 sworn statement. See Black's Law Dictionary 1139 (5th ed. 1979).
We are persuaded by the decisional law of this state that recantation, as a defense, has a more limited definition requiring the recanting party not only to withdraw and repudiate, but also to correct, the erroneous or even false statement. See Brannen, 114 So. at 431; Snipes, 433 So.2d at 654; Carter, 384 So.2d at 1257. Here, unlike the circumstances in Snipes, the state challenged the material facts on which Feagle relied, leaving factual questions for the jury to decide.
Dismissals in criminal cases are to be cautiously granted. State v. Hargrove, 552 So.2d 281 (Fla. 4th DCA 1989). For the reasons stated above, we hold the state met its burden under Fla.R.Crim.P. 3.190(d), see Ellis v. State, 346 So.2d 1044, 1046 (Fla. 1st DCA), cert. den., 352 So.2d 175 (Fla. 1977), and the trial court erred in granting the motions to dismiss based on the defense of recantation. Cook. Accordingly, we reverse the order below and remand the cause for reinstatement of the second amended information.
REVERSED and REMANDED.
BOOTH and MINER, JJ., concur.