906 So.2d 337 (2005)
Kevin G. JALBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2135.
District Court of Appeal of Florida, Fifth District.
July 8, 2005.
*338 James S. Purdy, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Kevin G. Jalbert appeals his convictions of one count of promoting a sexual performance by a child in violation of section 827.071(3), Florida Statutes (2001), and fifty-nine counts of unlawful possession of child pornography, in violation of section 827.071(5), Florida Statutes (2001). Jalbert argues that the trial court erred in denying his motion to dismiss the child pornography charges because the State failed to establish that the photographs depicted actual children and were not computer-generated children or adults resembling children. We disagree and affirm.
Jalbert filed an unsworn pre-trial motion to dismiss the child pornography charges, arguing that the State had no evidence that the pictures depicted actual children. After reviewing the photographs, the trial court ruled that "[t]he issues presented are clearly factual in nature for the jury to decide. . . ." Subsequently, Jalbert entered a plea to the charges, resulting in a thirty-year sentence. Although there was no explicit finding that this issue was dispositive, Jalbert reserved the right to appeal the denial of his motion to dismiss.
When considering a motion to dismiss, the trial court cannot decide factual issues, determine the weight to be given to conflicting evidence or assess the credibility of witnesses. State v. Feagle, 600 So.2d 1236, 1239 (Fla. 1st DCA 1992). To the contrary, the trial court must construe *339 all evidence and inferences in a light most favorable to the State. Vanhoosen v. State, 469 So.2d 230, 231-32 (Fla. 1st DCA 1985). The State is not obligated to produce evidence sufficient to sustain a conviction. Feagle, 600 So.2d at 1239. "As long as the State shows the barest prima facie case, it should not be prevented from prosecuting." Vanhoosen, 469 So.2d at 232.
The question of whether the photographs depicted actual children is a question of fact, not law, and is appropriate for the trier of fact to determine. See U.S. v. Farrelly, 389 F.3d 649 (6th Cir.2004); U.S. v. Rearden, 349 F.3d 608 (9th Cir.2003). Jalbert's speculation that the photographs may have been computer-generated "virtual" children or adults who resemble children is insufficient to cause the dismissal of the information against him. See U.S. v. Vig, 167 F.3d 443 (8th Cir.1999).[1]
AFFIRMED.
PALMER and TORPY, JJ., concur.
NOTES
[1] Based on Ashcroft v. Free Speech Coalition, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002), had this case proceeded to trial, the State would have been required to prove that the photographs and images depicted actual children in order to sustain a conviction. See U.S. v. Hilton, 386 F.3d 13 (1st Cir.2004); see also U.S. v. Slanina, 359 F.3d 356 (5th Cir.2004); U.S. v. Ellyson, 326 F.3d 522 (4th Cir.2003).