933 So.2d 1279 (2006)
STATE of Florida, Appellant,
v.
John Harrington HULL, Appellee.
No. 2D05-3296.
District Court of Appeal of Florida, Second District.
July 28, 2006.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard E. Macdonald, Assistant Attorney General, Tampa, for Appellant.
Christina C. Mesa, Tampa, for Appellee.
NORTHCUTT, Judge.
The State charged John Harrington Hull with aggravated battery. The circuit court ordered the prosecution dismissed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) based on Hull's claim that he acted in self-defense. We reverse.
One night in July 2003, Brad Bess was intoxicated and tried to gain entry to an apartment under the mistaken belief that he lived there. Hull opened the door and stepped out. He blocked the doorway and argued with Bess, who would not leave. Hull pushed Bess away, and Bess stumbled backward several feet. The two men then struggled, and the altercation took them out to the parking lot of the apartment complex. Hull hit Bess once and, when he did not fall, hit him twice more until he fell to the ground, bleeding and subdued. Hull then dragged Bess out of the parking lot. The police arrived to find Bess lying in front of Hull's apartment. He had suffered significant injuries, including a fractured orbit and a laceration on his forehead. An upstairs neighbor reported hearing a loud knocking and an escalating argument in which someone who sounded drunk was refusing to leave.
Hull filed a motion to dismiss under rule 3.190(c)(4) alleging the foregoing but claiming that he acted in self-defense. The State filed a traverse and an amended traverse, disputing the validity of the self-defense claim.
"A person is justified in the use of force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary *1280 to defend himself or herself or another against such other's imminent use of unlawful force." § 776.012, Fla. Stat. (2003). Although Hull argues that the facts are undisputed, the legal components of his self-defense claim present questions for the jury. See Lusk v. State, 531 So.2d 1377, 1381 (Fla. 2d DCA 1988) ("The questions of `reasonable belief' and the `amount of force necessary' were factual determinations to be made by the jury after a proper instruction."); see also State v. Green, 400 So.2d 1322, 1323 (Fla. 5th DCA 1981) ("If, based on the undisputed facts, a jury question exists, a(c)(4) motion to dismiss should not be granted.").
Therefore, the circuit court erred by granting the motion to dismiss. See State v. Wall, 445 So.2d 646 (Fla. 2d DCA 1984) (reversing dismissal when State disputed defendant's claim that he did not act unlawfully); State v. Feagle, 600 So.2d 1236 (Fla. 1st DCA 1992) (reversing dismissal when State disputed existence of ultimate fact); State v. Williams, 400 So.2d 1326, 1328 (Fla. 4th DCA 1981) (reversing dismissal where State disputed whether defendant's actions were necessary to prevent death or great bodily injury, which "constitute[d] the heart of [defendant's] justification for self-defense").
Reversed and remanded for further proceedings.
SALCINES and LaROSE, JJ., Concur.