PER CURIAM.
We reverse the dismissal of the information charging appellee with one count of delivery of a counterfeit controlled substance. See § 831.31, Fla. Stat. (2009). The trial court based the dismissal on a motion appellee filed under Florida Rule of Criminal Procedure 3.190(c)(4). The state filed a traverse which set forth specific facts which, in the light most favorable to the state, establish appellant’s knowing participation in the drug transaction. For example, a coconspirator told the state’s confidential informant that the crack was in transit, and that the informant “needed to wait for [appellee], who was in the bar, to go get the crack.” Appellee told the informant to wait for him in a bar, went to a codefendant’s house, and returned with another codefendant who made the hand-to-hand transaction. To survive a motion to dismiss, “the state need not produce evidence sufficient to sustain a conviction. *1186 So long as the state shows the barest prima facie case, it should not be prevented from prosecuting.” State v. Bailey, 508 So.2d 1268, 1269 (Fla. 4th DCA 1987) (internal citations omitted).
GROSS, C.J., HAZOURI and CIKLIN, JJ., concur.