GERBER, J.,
concurring specially.
I concur in Judge Ciklin’s well-reasoned opinion, primarily on the basis of the standard of review applying to a motion to dismiss. See Fla. R.Crim. P. 3.190(d) (“A motion to dismiss under subdivision (c)(4) of this rule shall be denied if the state files a traverse that, with specificity, denies under oath the material fact or facts alleged in the motion to dismiss.”); State v. Eugui, 60 So.3d 1185, 1185-86 (Fla. 4th DCA 2011) (“To survive a motion to dismiss, the state need not produce evidence sufficient to sustain a conviction. So long as the state shows the barest prima facie case, it should not be prevented from prosecuting.”) (internal citation and quotation marks omitted); State v. Santiago, 938 So.2d 603, 605 (Fla. 4th DCA 2006) (“In considering the evidence, the court must draw all inferences in favor of the state and against the defendant.”) (citation and quotation marks omitted).
I write separately, however, to express my concern that this case not be interpreted any more broadly than its facts to allow the state, with impunity, to charge public servants and public officers with corruption-related crimes based on the mere coincidence of accepting campaign contributions and then voting consistently with the positions of those who have provided campaign contributions.
I base my concern on the federal law requirement that an explicit quid pro quo is necessary for a conviction under corruption-related statutes when an official accepts a campaign contribution. As the United States Supreme Court reasoned in McCormick v. United States, 500 U.S. 257, 111 S.Ct. 1807, 114 L.Ed.2d 307 (1991):
*580 Serving constituents and supporting legislation that will benefit the district and individuals and groups therein is the everyday business of a legislator. It is also true that campaigns must be run and financed. Money is constantly being solicited on behalf of candidates, who run on platforms and who claim support on the basis of their views and what they intend to do or have done. Whatever ethical considerations and appearances may indicate, to hold that legislators commit the federal crime of extortion when they act for the benefit of constituents or support legislation furthering the interests of some of their ■constituents, shortly before or after campaign contributions are solicited and received from those beneficiaries, is an unrealistic assessment of what Congress could have meant by making it a crime to obtain property from another, with his consent, “under color of official right.” To hold otherwise would open to prosecution not only conduct that has long been thought to be well within the law but also conduct that in a very real sense is unavoidable so long as election campaigns are financed by private contributions or expenditures, as they have been from the beginning of the Nation
[[Image here]]
This is not to say that it is impossible for an elected official to commit extortion in the course of financing an election campaign.... The receipt of [political] contributions is also vulnerable ... as having been taken under color of official right, but only if the payments are made in return for an explicit promise or undertaking by the official to perform or not to perform an official act. In such situations the official asserts that his official conduct will be controlled by the terms of the promise or undertaking. This is the receipt of money by an elected official under color of official right....
500 U.S. at 272-73, 111 S.Ct. 1807 (emphasis added; internal citation omitted).
Having articulated my concern, I recognize the following points of law. “[M]at-ters of intent are for the jury to consider,” id. at 270, 111 S.Ct. 1807 and a jury “is quite capable of deciding the intent with which words were spoken or actions taken as well as the reasonable construction given to them by the official and the payor.” Evans v. United States, 504 U.S. 255, 274, 112 S.Ct. 1881, 119 L.Ed.2d 57 (1992) ((Kennedy, J., concurring)).
Nevertheless, I remain concerned that the state has survived this motion to dismiss simply by alleging in paragraph 12 of its traverse that
whether [Talabisco’s] support for the Chaits’ project was contingent upon their support of her is a question of intent. [Talabisco’s] intent is a question of fact for the jury.
But for the fact that we must draw all inferences in favor of the state and against the defendant on this question of intent, I would affirm.