882 So.2d 468 (2004)
STATE of Florida, Appellant,
v.
Carlton Wayne BELL, Appellee.
No. 5D03-833.
District Court of Appeal of Florida, Fifth District.
September 17, 2004.
*469 Charles J. Crist, Jr., Attorney General, Tallahassee and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellant.
No Appearance for Appellee.
PALMER, J.
The State appeals the trial court's order dismissing the information filed against Carlton Wayne Bell. See Fla. R.Crim. P. 3.190(c)(4)(authorizing the dismissal of a complaint on the basis that the undisputed facts do not establish a prima facie case of guilt). Concluding that, in seeking dismissal, Bell failed to demonstrate both that there were no genuine issues of material fact and that the undisputed material facts failed to establish a prima facie case of his guilt, we reverse.[1]
Bell was charged by information with knowingly possessing 28 grams or more of cocaine or a mixture containing cocaine.[2] Bell filed a motion to dismiss the information alleging that the facts, as set forth by the State's witnesses, were material, were not disputed, and were insufficient to establish a prima facie case for possession of 28 grams or more of cocaine or a mixture containing cocaine.
The trial court conducted a hearing on the motion. At the hearing, the trial court had before it the deposition testimony of four police officers who were involved either in the controlled buys at Bell's residence or the execution of the search warrant at his residence. In his deposition, Officer Hall testified that a confidential informant conducted several controlled buys at Bell's residence and that he monitored the transactions that took place. He further stated that during the controlled buys he observed the confidential informant go up to Bell and speak to him, Bell go into the carport of his home and return about 20 to 30 seconds later, and Bell hand something to the confidential informant. The informant then handed a marked $20 bill to Bell. A second officer, Officer Berkman, testified during his deposition that within one hour after the third controlled drug buy took place, a search warrant was executed on Bell's residence. A third officer, Officer Bishop, testified in his deposition that he participated in the execution of the search warrant at Bell's residence and that he found an ounce of cocaine in a storage shed attached to the carport. However, in their depositions all four of the officers admitted being unable to testify that Bell had any knowledge of the existence of the contraband in his residence.
*470 The trial court also had before it the charging affidavit which stated that three controlled buys of cocaine were made by a confidential informant from Bell at Bell's home. The charging affidavit further stated that during the course of the search of Bell's residence, Bell was located and arrested in the room where the drugs were stored and weighed. A search of that room also revealed over 40 grams of cocaine, a scale, baggies, rubber bands, a glass bowl with cocaine residue, spoons with cocaine residue, and cash, including the marked $20 bill used by the confidential informant. A search of Bell's bedroom revealed paperwork showing the premises as being Bell's residence.
In seeking dismissal, Bell argued that dismissal was warranted because during their depositions none of the officers admitted that they ever saw Bell in the house or in actual possession of the drugs at the time of his arrest, and therefore the State would be unable to prove the requisite element of guilty knowledge. The State responded by arguing that the issue of Bell's knowledge of the existence of any contraband inside his home was a factual question for the jury to determine and thus inappropriate for consideration on a dismissal motion. Upon review, the trial court entered an order dismissing the charge against Bell, concluding that dismissal was warranted because the State failed to present any evidence indicating that Bell knew or had knowledge of any contraband located in his residence or that he was in possession of any contraband at the time of his arrest. The trial court stated that it based its decision on the fact that the deposition testimony of the police officers differed from the information set forth in the charging affidavit. The State appeals.
Rule 3.190(c)(4) of the Florida Rules of Criminal Procedure authorizes the dismissal of a complaint on the basis that the undisputed facts do not establish a prima facie case of guilt. A rule 3.190(c)(4) motion should be granted only when the trial court determines that the most favorable construction of the facts does not establish a prima facie case of guilt; if there is any evidence upon which a reasonable jury could find guilt, a motion to dismiss must be denied. State v. Reese, 774 So.2d 948 (Fla. 5th DCA 2001). As the court in Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977) explained:
Initially, the defendant in his sworn motion must allege that the material facts of the case are undisputed, describe what the undisputed material facts are, and demonstrate that the undisputed facts fail to establish a prima facie case or that they establish a valid defense (either an affirmative defense or negation of an essential element of the charge).
Id. at 1045-1046. Moreover, on a motion made pursuant to rule 3.190(c)(4), the State is not only entitled to receive the most favorable construction of the evidence but also to have all inferences resolved against the defendant. See State v. Paleveda, 745 So.2d 1026 (Fla. 2d DCA 1999) (holding that when considering a defendant's motion to dismiss, the trial court must resolve all questions and inferences from the facts in favor of the State); State v. Hunwick, 446 So.2d 214 (Fla. 4th DCA 1984)(holding that "[o]n a motion to dismiss, the State is entitled to a construction most favorable to it; all inferences are resolved against the defendant."). In considering a dismissal motion, the trial court is not permitted to make factual determinations or to consider either the weight of the conflicting evidence or the credibility of the witnesses. State v. Fetherolf, 388 So.2d 38, 39 (Fla. 5th DCA 1980)(stating that "[i]t is not proper [on a rule *471 3.190(c)(4) motion] for the court to determine factual issues, consider weight of conflicting evidence, or credibility of witnesses" and holding that defendant was not entitled to dismissal of criminal information charging sexual battery and lewd assault on ground that alleged victim gave deposition in which she disclaimed her original statements on which the charges were based; victim's first statement, created material disputed facts).
Our review of the record reveals that the evidence presented by the State at the dismissal hearing, when construed most favorably to the State, provided a prima facie case for constructive possession of cocaine. Accordingly, the trial court's dismissal order must be reversed.
In that regard, in order to establish constructive possession of contraband, the State must prove that the defendant (1) had dominion and control over the contraband, (2) knew the contraband was in his presence, and (3) knew of the illicit nature of the contraband. J.J.N. v. State, 877 So.2d 806 (Fla. 5th DCA 2004).[3] While Bell maintained in his motion to dismiss that the State failed to present sufficient evidence on the second element of constructive possession, whether or not he knew the contraband was in his presence, we disagree.
The instant record demonstrates that the deposition testimony of four police officers along with the statements set forth in the charging affidavit constituted enough evidence to permit guilty knowledge of the presence of contraband to be inferred. See Goin v. Commission on Ethics, 658 So.2d 1131 (Fla. 1st DCA 1995)(holding that the State can prove the accused's knowledge of presence of drugs and ability to maintain control over premises by presenting evidence of actual knowledge or evidence of incriminating statements and circumstances from which the jury might lawfully infer the requisite knowledge to support a conviction). Specifically, the State presented evidence indicating that Bell lived at 719 Cornelia Court, three controlled buys of cocaine took place at that location between Bell and a confidential informant, during the execution of the search warrant on that residence in excess of 28 grams of cocaine were found as well as the marked $20 bill used in one of the controlled buys, and Bell was located and arrested in the same room where the drugs were found. See State v. St. Jean, 658 So.2d 1056 (Fla. 5th DCA 1995) (holding that a motion to dismiss for failure to state a prima facie case of guilt is not generally an appropriate vehicle to challenge the issue of knowledge as an element of constructive possession of cocaine).
In closing, we note that as an alternative ground for granting Bell's motion to dismiss, the trial court stated in its dismissal order that "the State cannot rely on the charging affidavit for its traverse when it is clear from the deposition testimony that the police officers cannot testify that the information in question is true." The trial court further ruled: "The defendant has deposed the four police officers listed by the State as witnesses in this case and none of them can testify that on the date he was arrested the defendant knew or had knowledge of any contraband in the premises located at 719 Cornelia Court or that the defendant was in possession of, *472 sold, manufactured or delivered any contraband on that date." In so ruling, the trial court considered factual issues regarding the discrepancies in the police officers' testimony as compared with the information in the charging document. Such consideration was improper. SeeState v. Fetherolf, 388 So.2d 38 (Fla. 5th DCA 1980).
REVERSED and REMANDED for reinstatement of the information.
PLEUS and ORFINGER, JJ., concur.
NOTES
[1] Bell has failed to file an answer brief in this case.
[2] See § 893.135(1)(b)1.a., Fla. Stat. (2001).
[3] In the instant case, section 893.101 of the Florida Statutes (2002) which established that knowledge of the illicit nature of a controlled substance is not an element of the offense does not apply because Bell committed the crime on April 10, 2002, and the statute became effective a month later, on May 13, 2002. See J.J.N. v. State, 877 So.2d 806 (Fla. 5th DCA 2004)(holding that statute eliminating the element of knowledge of the illicit nature of the drugs for drug possession offenses can not be applied retroactively).