935 So.2d 1278 (2006)
Timothy McCOY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1740.
District Court of Appeal of Florida, Fourth District.
August 23, 2006.
*1279 Maury Halperin, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm the summary denial of appellant's Florida Rule of Criminal Procedure 3.850 motion. Appellant, who had registered in Florida as a sexual offender, entered a guilty plea to violating the requirements of section 943.0435(4), Florida Statutes, by failing to report to a driver's license office within forty-eight hours of changing his address. In his motion, appellant sought to withdraw his plea claiming that he did not commit the charged offense because he was not required to register as a sexual offender in Florida at all. He also claimed that defense counsel was ineffective in permitting him to enter a guilty plea to a crime he did not commit.
In 1991, appellant was convicted of first-degree sexual assault in Colorado. He was released from incarceration for this offense on January 3, 1997. Appellant moved to Florida where he registered as a sexual offender. No evidence was presented that appellant registered as a sex offender in Colorado before coming to Florida.
Section 943.0435(1)(a) defines a "sexual offender" as a person convicted of committing specified sexual offenses in Florida or similar offenses in another jurisdiction. In addition, however, the statute requires that the offender also meet the criteria listed in subsections 2, 3, or 4. No evidence was presented that appellant was under any kind of supervision related to his Colorado conviction, so subsection 4 does not apply. § 943.0435(1)(a)4, Fla. Stat. (2002). Subsection 2 applies to offenders released from the sanction for a qualifying offense on or after October 1, 1997 and does not apply to appellant who was released in January 1997. § 943.0435(1)(a)2, Fla. Stat. (2002).
Subsection 3 reads:
Establishes or maintains a residence in this state and who has not been designated as a sexual predator by a court of this state but who has been designated as a sexual predator, as a sexually violent predator, or by another sexual offender designation in another state or jurisdiction and was, as a result of such designation, subjected to registration or community or public notification, or both, or would be if the person were a resident of that state or jurisdiction; *1280 § 943.0435(1)(a)3, Fla. Stat. (2002). Appellant was not designated a sexually violent predator in Colorado only because his conviction predated the effective date of the sexually violent predator statute. See Colo. Rev. Stat. § 18-3-414.5. If appellant resided in Colorado, however, he would be required to register as a sex offender. Colo. Rev. Stat. § 16-22-103(1)(c). Appellant could be posted on the internet as a convicted sex offender. Colo. Rev. Stat. § 16-22-111(1.5).
Because appellant would be required to register as a sex offender if he were a resident of Colorado, we find that section 943.0435(1)(a)3, Florida Statutes, applies and appellant was required to register as a sexual offender in Florida. His plea to violating the reporting requirements of section 943.0435(4) was therefore proper, and counsel was not ineffective in allowing him to enter a plea to this offense.
GUNTHER, KLEIN and SHAHOOD, JJ., concur.