937 So.2d 1184 (2006)
Stanley Louis TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2469.
District Court of Appeal of Florida, Fifth District.
September 8, 2006.
James S. Purdy, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
Appellant entered a no contest plea to the charge of failure to register as a sexual offender. § 943.0435, Fla. Stat. (2004). He reserved the right to appeal the court's denial of his motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). We affirm.
In 1998, appellant was adjudicated guilty in Minnesota of an offense he admits was comparable to that defined in section 800.04(4)(a), Florida Statutes (2004).[1] He *1185 was 17 years old at that time. Pursuant to Minnesota law, he was required to register in Minnesota as a sexual offender, notwithstanding the fact that he was sentenced as a juvenile offender. On April 3, 2005, he was arrested in Florida on two misdemeanor charges, as well as the subject failure to register as a sexual offender charge.
Appellant contends that he was not required to register in Florida as a sex offender and, therefore, his motion to dismiss should have been granted by the trial court. If appellant's juvenile adjudication had occurred in Florida, his argument would have merit. State v. J.M., 824 So.2d 105 (Fla.2002). In J.M., our supreme court held that an adjudication of delinquency did not constitute a felony criminal conviction for purposes of adjudicating a person to be a sexual predator. However, an analysis of section 943.0435 leads us to find that appellant was, indeed, required to register as a sexual offender in Florida. In 2002, section 943.0435(1)(a), Florida Statutes, was amended to add subsections (3) and (4). These subsections provided alternative provisions by which an individual could be defined to be a sexual offender. Subsection (3) defined a sexual offender to include a person who:
[E]stablishes or maintains a residence in this state and who has not been designated as a sexual predator by a court of this state but who has been designated as a sexual predator, as a sexually violent predator, or by another sexual offender designation in another state or jurisdiction and was, as a result of such designation, subjected to registration or community or public notification, or both, or would be if the person were a resident of that state or jurisdiction; ....
Appellant falls squarely within this provision.
We further reject appellant's equal protection argument. When a statute implicates fundamental rights or concerns a suspect class, the statute is to be analyzed under a strict scrutiny test. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). However, section 943.0435(1)(a) does neither and, accordingly, is to be analyzed under a rational basis test. Doe v. Moore, 410 F.3d 1337 (11th Cir.2005). Here, the Legislature had a rational basis to include in its definition of "sexual offender," Florida residents who had been designated sexual offenders by another state.
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.
NOTES
[1] Lewd or lascivious battery on a person 12 years of age or older but less than 16 years of age.