971 So.2d 951 (2007)
Gregory D. MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-10.
District Court of Appeal of Florida, Fifth District.
December 28, 2007.
James S. Purdy, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Gregory D. Miller appeals an order denying his motion to dismiss an information charging him with one count of failure of sexual offender to report in person at a driver's license office in violation of section 943.0435(9) and (3), Florida Statutes (2006). On appeal, Mr. Miller argues that *952 the statute violates his right to equal protection by requiring him to register with the Florida Sex Offender Registry as a result of an offense he committed in West Virginia in 1994, while exempting similarly-situated Florida sex offenders from the registration requirement. For the reasons that follow, we affirm.
In 1994, Mr. Miller was convicted of a sex crime in West Virginia and designated a sex offender. He was sentenced to prison and released in 1996. Mr. Miller was required to register as a sex offender in West Virginia. Following a move to Florida, Mr. Miller was advised by law enforcement of his registration obligation. After several months passed and Mr. Miller failed to register, he was charged with failing to report as a sex offender at a driver's license office, in violation of sections 943.0435(9) and (3), Florida Statutes. Mr. Miller moved to dismiss the information on the ground that section 943.0435 was unconstitutional as applied to him, alleging that the statute treated similarly-situated sex offenders differently. After the denial of his motion to dismiss, Mr. Miller pled no contest to the charge, reserving the right to appeal the denial of his dispositive motion to dismiss. This appeal followed.
A motion to dismiss an information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) is analogous to a motion for summary judgment in a civil case. State v. Bonebright, 742 So.2d 290, 291 (Fla. 1st DCA 1998); Allen v. State, 463 So.2d 351 (Fla. 1st DCA 1985). Both should be granted sparingly. State v. Fuller, 463 So.2d 1252 (Fla. 5th DCA 1985). The trial court should not decide factual issues, determine the weight to be given to conflicting evidence or assess the credibility of witnesses. State v. Feagle, 600 So.2d 1236, 1239 (Fla. 1st DCA 1992).
In this appeal, Mr. Miller seeks our review of his constitutional challenge to section 943.0435(1), Florida Statutes. We review the constitutionality of this statute de novo, as it presents a pure question of law. Dep't of Ins. v. Keys Title & Abstract Co., 741 So.2d 599, 601 (Fla. 1st DCA 1999). Further, because there is a strong presumption that statutes are constitutionally valid, see City of Miami v. McGrath, 824 So.2d 143, 146 (Fla.2002), we are obligated to interpret the statute in a manner so as to uphold its constitutionality if it is reasonably possible to do so. Capital City Country Club, Inc. v. Tucker, 613 So.2d 448, 452 (Fla.1993).
The equal protection clause of the United States Constitution provides that "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1; see also Art. I, § 2, Fla. Const. (stating that "[a]ll natural persons are equal before the law ..."). Mr. Miller concedes that we analyze the constitutionality of section 943.0435 using the rational relationship test because it does not impair a fundamental right or affect a suspect class of persons. Turner v. State, 937 So.2d 1184, 1185 (Fla. 5th DCA 2006) (citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985); Doe v. Moore, 410 F.3d 1337 (11th Cir.2005)). Under this test, a court will uphold a statute if the classification bears a rational relationship to a legitimate governmental objective. See Zapo v. Gilreath, 779 So.2d 651, 655 (Fla. 5th DCA 2001); Keys Title, 741 So.2d at 602; see also Pennell v. City of San Jose, 485 U.S. 1, 108 S.Ct. 849, 99 L.Ed.2d 1 (1988). "It would be proper to sustain an equal protection challenge to a statute only if `the Legislature could not have had any reasonable ground for believing that there were public considerations justifying *953 the particular classification and distinction made.'" Keys Title, 741 So.2d at 602 (quoting N. Ridge Gen. Hosp., Inc. v. City of Oakland Park, 374 So.2d 461, 465 (Fla. 1979)). However, a statutory classification will be found to violate equal protection if it treats similarly-situated people in a different manner based upon an illogical and arbitrary basis. See McElrath v. Burley, 707 So.2d 836, 839 (Fla. 1st DCA 1998). Hence, in arguing that section 943.0435(1)(a), Florida Statutes, as applied, is discriminatory, Mr. Miller must show (1) that he was treated differently under the law from similarly-situated persons, (2) that the statute intentionally discriminates against him, and (3) that there was no rational basis for the discrimination. See id.
We believe Mr. Miller misreads the statute. The statute does not treat him differently from similarly-situated persons. In 1997, Florida enacted section 943.0435, its sexual offender registration statute. Ch. 97-299, § 8, Laws of Fla., eff. Oct. 1, 1997. Prior to the enactment of that statute, Florida had no sex offender registration requirement. Section 943.0435(1)(a) defines a "sexual offender" as a person convicted of committing specified sexual offenses in Florida or similar offenses in another jurisdiction. Additionally, those offenders who meet the criteria set forth in subparagraphs 1, 2, or 3 of the statute also fall within its scope. In pertinent part, the applicable version of the statute requires:
943.0435. Sexual offenders required to register with the department; penalty
(1) As used in this section, the term:
(a) "Sexual offender" means a person who meets the criteria in subparagraph 1., subparagraph 2., or subparagraph 3., as follows:
1. a. Has been convicted of committing, or attempting, soliciting, or conspiring to commit, any of the criminal offenses proscribed in the following statutes in this state or similar offenses in another jurisdiction: s. 787.01, s. 787.02, or s. 787.025(2)(c), where the victim is a minor and the defendant is not the victim's parent; chapter 794, excluding ss. 794.011(10) and 794.0235; s. 796.03; s. 796.035; s. 800.04; s. 825.1025; s. 827.071; s. 847.0133; s. 847.0135; s. 847.0137; s. 847.0138; s. 847.0145; or s. 985.701(1); or any similar offense committed in this state which has been redesignated from a former statute number to one of those listed in this sub-subparagraph; and

b. Has been released on or after October 1, 1997, from the sanction imposed for any conviction of an offense described in sub-subparagraph a. For purposes of sub-subparagraph a., a sanction imposed in this state or in any other jurisdiction includes, but is not limited to, a fine, probation, community control, parole, conditional release, control release, or incarceration in a state prison, federal prison, private correctional facility, or local detention facility;
2. Establishes or maintains a residence in this state and who has not been designated as a sexual predator by a court of this state but who has been designated as a sexual predator, as a sexually violent predator, or by another sexual offender designation in another state or jurisdiction and was, as a result of such designation, subjected to registration or community or public notification, or both, or would be if the person were a resident of that state or jurisdiction, without regard to whether the person otherwise meets the criteria for registration as a sexual offender ....
*954 § 943.0435(1)(a)1.-2., Fla. Stat. (2006) (footnote omitted; emphasis added).[1]
Contrary to Mr. Miller's argument, section 943.0435(1)(a)1. and 2. does not treat in-state and out-of-state sexual offenders differently. Under subparagraph 1, any person is treated as a sexual offender in Florida if he or she (1) has been convicted of committing specified sexual offenses in Florida or in another jurisdiction and (2) was released from the sanction imposed for the conviction on or after October 1, 1997. § 943.0435(1)(a)1.a.-b., Fla. Stat. (2006); see McCoy v. State, 935 So.2d 1278, 1279 (Fla. 4th DCA 2006) (stating that this section applies to offenders released from sanction for a qualifying offense on or after October 1, 1997). Thus, contrary to Mr. Miller's position, both Florida sex offenders and non-Florida sex offenders who committed specified sexual offenses and were released before October 1, 1997, are exempt under this section of the statute.
The statute also provides an alternative provision by which an individual could be defined as a sexual offender. Under subparagraph 2, a person who has been designated a sexual offender by another state must register in this state if that person establishes or maintains a residence in the state of Florida regardless of the date of conviction or release. § 943.0435(1)(a)2., Fla. Stat. (2006). Once again, under this subparagraph, similarly-situated offenders are treated similarly under the law, i.e., regardless of date of conviction or release, offenders who move to Florida, as well as offenders who have been living in Florida must register in Florida if they were required to register in another state. As Mr. Miller was required to register in West Virginia, he was subject to this subparagraph of the statute when he remained in Florida for more than five days. See § 943.0435(1)(c), Fla. Stat. (2006) (stating that "[p]ermanent residence' and `temporary residence' have the same meaning ascribed in s. 775.21"); § 775.21(2)(f) & (g), Fla. Stat. (2006) (defining "[p]ermanent residence" under the sexual predator act as "a place where the person abides, lodges, or resides for 5 or more consecutive days" and "[t]emporary residence" as "a place where the person abides, lodges, or resides for a period of 5 or more days in the aggregate during any calendar year and which is not the person's permanent address or, for a person whose permanent residence is not in this state, a place where the person is employed, practices a vocation, or is enrolled as a student for any period of time in this state"); see also McCoy, 935 So.2d at 1279-80 (holding that because defendant was released from incarceration for a qualifying sexual offense on January 3, 1997, he was required to register under 943.0435(1)(a)3., Florida Statutes (2002) (now section 943.0435(1)(a)2.), because if he lived in Colorado, he would be required to register as a sex offender). Mr. Miller was treated the same as other similarly-situated sex offenders, moving into Florida or already living in Florida, who are required to register in other states. Thus, he has not shown that section 943.0435 treats him differently from any other similarly-situated sexual offender, or that it intentionally discriminates against him.
Lastly, as this Court recognized in Turner, the Legislature has a rational basis to include in its definition of "sexual offender," Florida residents who have been designated sexual offenders by another state.[2] *955 937 So.2d at 1185. Accord Moore, 410 F.3d 1337 (holding that Florida's various classifications and sub-classifications under section 943.0435, Florida Statutes, were rationally related to a legitimate governmental purpose; budgetary concerns are a legitimate governmental interest); State v. Subido, 925 So.2d 1052, 1060 (Fla. 5th DCA 2006) (citing Moore in support of conclusion that registration requirement of section 943.0435 is constitutional); Hanson v. State, 905 So.2d 1036 (Fla. 5th DCA 2005) (adopting and applying the federal court's substantive due process analysis in Moore to the Sexual Predator Act, section 775.21).
For these reasons, we conclude that the challenged statute (1) applies to all similarly-situated persons; (2) does not intentionally discriminate against Mr. Miller alone; and (3) passes a rational basis scrutiny. Accordingly, we conclude that section 943.0435, Florida Statutes, does not offend equal protection.
AFFIRMED.
MONACO and TORPY, JJ., concur.
NOTES
[1] As Mr. Miller was not under any supervision related to his West Virginia conviction, subparagraph 3 does not apply. See § 943.0435(1)(a)3., Fla. Stat. (2006).
[2] For this reason, Mr. Miller's reliance on Idaho v. Dickerson, 142 Idaho 514, 129 P.3d 1263 (2006) (holding that former version of state's sex offender registration and notification act violated defendant's right to travel, and finding that state's interest in apprehending re-offending sex offenders were not rationally advanced by classification that differentiated between offenders based solely on their date of entry into state), and ACLU of New Mexico v. City of Albuquerque, 139 N.M. 761, 137 P.3d 1215 (2006) (holding that registration requirements for out-of-state sexual offenders in city's sex offender registration and notification act resulted in differing treatment for resident and non-resident sex offenders that was not rationally related to city's interest in protecting citizens from sex offenders, and, therefore, violated equal protection clause; provisions did not require registration of those convicted sex offenders who were most likely to have means and opportunity to reoffend in city, yet, those offenders who were convicted outside the state, who resided out-of-state, and were in city only a limited number of days, had to register), is misplaced.