SAWAYA, J.
The State appeals an order rendered by the trial court pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), which dismissed Counts I through VII of an Information charging the defendant, Eric Shu-ler, with three counts of conspiracy to traffic in cocaine, three counts of unlawful use of a two-way device, and one count of trafficking in cocaine.[1] The State does not contest the dismissal of Count VII, which contained the trafficking charge.
When a defendant files a motion pursuant to rule 3.190(c)(4), the trial court is authorized to dismiss the Information if the undisputed facts do not establish a prima facie case of guilt. State v. Bell, 882 So.2d 468 (Fla. 5th DCA 2004). In determining whether a prima facie case of guilt has been established, “if the undisputed facts permit the conclusion the defendant could be found guilty of the charged crime, the motion must be denied.” State v. Williams, 873 So.2d 602, 604 (Fla. 5th DCA 2004). The courts have consistently held that “the State is not only entitled to receive the most favorable construction of the evidence but also to have all inferences resolved against the defendant.” Bell, 882 So.2d at 470; see also Williams, 873 So.2d at 604 (“All reasonable inferences that arise from the undisputed facts must be taken in a fight most favorable to the prosecution’s case.” (citing State v. Fuller, 463 So.2d 1252 (Fla. 5th DCA 1985); State v. Raulerson, 403 So.2d 1102 (Fla. 5th DCA 1981))); State v. Pasko, 815 So.2d 680, 681 (Fla. 2d DCA), review denied, 835 So.2d 268 (Fla.2002). In order to withstand a motion to dismiss under rule 3.190(c)(4), the State “does not have to show guilt beyond a reasonable doubt, nor produce evidence sufficient to sustain a conviction.” State v. Lebron, 954 So.2d 52, 56 (Fla. 5th DCA), review denied, 966 So.2d 967 (Fla.2007). When ruling on the motion, the trial court should not assess the credibility of witnesses, weigh the evidence, or decide factual issues. Miller v. State, 971 So.2d 951 (Fla. 5th DCA 2007); Bell, 882 So.2d at 470. This court likens a rule 3.190(c)(4) motion to a motion for summary judgment in civil actions and has declared that motions under the criminal rule should be granted only sparingly. Miller, 971 So.2d at 952; Williams, 873 So.2d at 604.
Based on the applicable de novo standard of review, see Galston v. State, 943 So.2d 968 (Fla. 5th DCA 2006); State v. James, 928 So.2d 1269, 1270 (Fla. 2d DCA 2006); State v. Massey, 873 So.2d 494 (Fla. 5th DCA 2004), we have thoroughly analyzed the undisputed facts arising from the State’s evidence, which includes the various meetings between Shuler and the man with whom he is accused of conspiring to sell drugs; the transcripts of legally intercepted and recorded telephone conversations between the two men, along with the version of *1232 those transcripts prepared by law enforcement; and the drug dog alert on Shuler’s car, where $10,000 in cash was found shortly after one of the meetings. Considering all of the undisputed facts in the light most favorable to the State and resolving all inferences against Shuler, as we are obligated to do, we conclude that a prima facie case of guilt has been established. We therefore reverse the order of dismissal as to Counts I through VI and remand this case to the trial court for further proceedings. We affirm the part of the order dismissing Count VII.
AFFIRMED in part; REVERSED in part; and REMANDED.
ORFINGER and LAWSON, JJ., concur.

. The trial court granted Shuler's motion to sever the charges by date. Thus, Counts I and IV, which alleged conspiracy to traffic in cocaine-delivery and unlawful use of a two-way communications device, were linked because they were alleged to have occurred on January 3, 2007. Counts II and V, which charged the same offenses, were linked because they were alleged to have occurred on January 5, 2007. Counts III, VI, and VII were linked because they were alleged to have occurred on January 6, 2007. Hence, Shuler filed three motions to dismiss, each addressed to the three groups of severed charges. Each motion alleged that there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt. The order of dismissal we review incorporates the rulings on the three motions and all of the charges.