CORRECTED OPINION
LAUTEN, F.J., Associate Judge.
Sua sponte, we withdraw this court’s opinion dated October 31, 2008, and substitute the following corrected opinion in its stead.
Mark Allen Clark appeals his judgment and sentence, claiming that the trial court erred in denying his motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). We affirm.
Clark was stopped by law enforcement because his driver’s license was suspended. He was arrested and a search of his truck revealed an eighteen-inch “Bushmaster” knife, in a sheath, located under the front driver’s seat. Because Clark was a convicted felon, he was charged with carrying a concealed weapon as a convicted felon.
Clark moved to dismiss the charge, arguing that he was entitled to carry the Bushmaster because it was securely encased and arguing that the Bushmaster was not a weapon but a tool for his work as a landscaper. The State traversed the motion, denying that the knife was snapped into a holster or otherwise carried in such a way as to be securely encased. Without deciding whether secure encasement would be a defense to the charges against Clark, we find that neither of Clark’s factual arguments is appropriate for consideration on a 3.190(c)(4) motion and the trial court correctly denied the motion to dismiss. State v. Williams, 873 So.2d 602 (Fla. 5th DCA 2004). The trial court is not permitted to make factual determinations on consideration of a(c)(4) motion. See, e.g., Alexander v. State, 450 So.2d 1212, 1214 (Fla. 4th DCA 1984). Stated differently, “[t]he function of a(c)(4) motion is to ascertain whether the undisputed facts which the state will rely on to prove its case, establish a prima facie case, as a matter of law, so as to permit a jury to determine the defendant guilty of the crime charged.” State v. Walthour, 876 So.2d 594, 595 (Fla. 5th DCA 2004). See also Brinkley v. State, 874 So.2d 1199, 1201 (Fla. 5th DCA 2004) (recognizing that the only question on the motion to dismiss and on appeal is whether the facts would *1138 support the elements of the crime). The undisputed facts in this case are that Clark was a felon, had a Bushmaster knife in his possession, and the knife was under the seat. Thus, the State demonstrated sufficient facts to support all elements required under section 790.23(1). Because further factual inquiry would have been inappropriate, the trial court properly denied the motion to dismiss for failure to state a prima facie case.
AFFIRMED.
PALMER, C.J., and GRIFFIN, J„ concur.