COHEN, J.
 

 The State appeals an order granting Todd Norwood’s motion to dismiss. Nor-wood and codefendant Upright were charged with a scheme to defraud and petit theft in connection with their soliciting and collecting donations purportedly on behalf of the Disabled Police Officers of America. Filed under Florida Rule of Criminal Procedure 3.190(b), the motion challenges the factual allegations of the information. The unsworn motion includes an unsigned contract and refers to a newspaper article and news report from Missouri. The trial court conducted a hearing and dismissed the charges.
 

 An order dismissing an information is reviewed de novo.
 
 State v. Shuler,
 
 988 So.2d 1230, 1231 (Fla. 5th DCA 2008). When a motion to dismiss is based on undisputed facts, dismissal is appropriate when the undisputed facts do not establish a prima facie case of guilt.
 
 Id.
 
 In making .this determination, the evidence is construed, along with all reasonable inferences, in the light most favorable to the State.
 
 Id.
 
 If the undisputed facts indicate that the defendant could be found guilty of the crimes charged, the motion to dismiss must be denied.
 
 Id.
 
 The defendant has the burden of establishing that there are no material issues of disputed fact and that the facts do not establish a prima facie case of guilt.
 
 State v. Covington,
 
 973 So.2d 481, 482 (Fla. 3d DCA 2007).
 

 The State contends that the trial court erred in granting the motion to dismiss because neither the motion, nor the testimony presented at the hearing, established that it could not prove a prima facie case. We agree. First, accepting as true all the allegations in the motion to dismiss, the very face of the motion indicates there is a disputed issue of fact. Specifically, the charity organization’s president denied that it contracted with Norwood and Upright to work for or collect money on its behalf, which directly conflicted with Norwood and Upright’s assertion that they had a contract with the charity to solicit businesses. Further, Norwood could not produce a signed copy of his contract with the charity. Additionally, the very terms of the contract do not negate the State’s charges. The contract indicates that Kelvin & Associates agreed to “contact businesses ... to sell advertisements in an ad book,” and that any monies would be equally split between the charity and Kelvin & Associates. Conspicuously, the contract does not authorize Kelvin & Associates to solicit cash donations from businesses. Accordingly, we reverse the order dismissing the charges and remand for further proceedings.
 

 REVERSED and REMANDED.
 

 ORFINGER, C.J., and JACOBUS, J., concur.