# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 12, 2014 Session

## STATE OF TENNESSEE v. CARY ARNAZ HARBIN, III

**Appeal from the Criminal Court for Sumner County**
**No. 492-2013     Dee David Gay, Judge**

---

**No. M2013-02742-CCA-R3-CD - Filed October 15, 2014**

---

The Defendant, Cary Arnaz Harbin, III, was charged with violating the sexual offender registration act by establishing his primary residence within one thousand feet of a licensed day care facility. See Tenn. Code Ann. § 40-39-211(a). The trial court dismissed the charge, finding that the Defendant, convicted in Michigan in 2008 of criminal sexual conduct in the third degree, did not meet the statutory definition of "sexual offender." The State appeals the order of dismissal, arguing that the record was insufficient for the trial court to make this determination. Following our review of the record and applicable authorities, we conclude that the Defendant, an out-of-state sexual offender required to register in Michigan, is subject to the requirements of Tennessee sexual offender registration act upon sufficient contact with this State. Therefore, we reverse the order of the trial court dismissing the indicted charge and remand the case for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court**
**Reversed and Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; L. Ray Whitley, District Attorney General; and Jayson C. Criddle, Assistant District Attorney General, for the appellant, State of Tennessee.

David A. Doyle, District Public Defender, for the appellee, Cary Arnaz Harbin, III.

## OPINION
### FACTUAL BACKGROUND

On June 6, 2013, a Sumner County grand jury returned a two-count indictment against the Defendant, charging him in Count 1 with theft of merchandise valued over $500[1] and in Count 2 with violating the sexual offender registration act's requirements. See Tenn. Code Ann. §§ 39-14-103, -105, -146 & 40-39-211. Specifically, Count 2 of the indictment charged the Defendant as follows:

> [The Defendant h]eretofore on or about April 18, 2013, . . . did unlawfully and knowingly establish a primary residence within 1,000 feet of the property line of a licensed day care center, after having been convicted in Oakland County, Michigan, as a sexual offender as defined by Tennessee Code Annotated 40-39-202(19) said conviction resulting from his violation in Oakland County, Michigan, on November 2008, of Sexual Conduct, and his victim was a minor, against the peace and dignity of the State of Tennessee.

Thereafter, the Defendant filed a motion to dismiss Count 2, contending that "the Defendant was not convicted in Michigan of an offense that would be classified as either a 'sexual offense' or 'violent sexual offense'" as defined by the registration act and, thus, he was not subject to the residential and work restrictions of the sexual offender registry. The Defendant attached the Michigan judgment form to his motion. The Michigan judgment form reflected that the then twenty-two-year-old Defendant pled guilty on October 22, 2008, to criminal sexual conduct in the third degree in violation of Michigan Compiled Laws Annotated section 750.520d(1)(a).[2] The judgment form also provided that the Defendant was to submit to DNA and HIV testing, was to comply "with sex offender registration requirements," and was to have no contact with the victim.

The State responded to the Defendant's motion to dismiss. Initially, the State conceded that the Defendant's Michigan conviction for criminal sexual conduct in the third degree did not meet the definition of "sexual offense" or "violent sexual offense" as defined by Tennessee Code Annotated section 40-39-202 "at the time [the Defendant] was convicted." However, the State "submit[ted] that there [were] two other bases that would support a conviction for [v]iolation of the [s]ex [o]ffender [r]egistry[.]" As the first basis, the State cited to section 40-39-203(a)(2), which reads,

---

[1] The Defendant later pled guilty to Count 1, and this offense is not the subject of the instant appeal.

[2] That section reads in pertinent part, "A person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and . . . [t]hat other person is at least 13 years of age and under 16 years of age."

Regardless of an offender's date of conviction, adjudication or discharge from supervision, an offender whose contact with this state is sufficient to satisfy the requirements of subdivision (a)(1) is required to register in person as required by this part, if the person was required to register as any form of sexual offender, juvenile offender or otherwise, in another jurisdiction prior to the offender's presence in this state.

(Emphasis added in State's response). The State argued that "[u]nder this section, if the Defendant was required to register in Michigan as a result of his conviction[,] he [was] also required to register in Tennessee, regardless of whether he would have been required to register in Tennessee had the offense occurred in Tennessee." The State further argued that the language of this subsection requiring the offender to register "as required by this part," included all of the requirements of the registration act.

Secondly, the State argued that the Defendant's Michigan conviction was the equivalent of statutory rape in Tennessee, and although it was a "non-[r]egistry offense in Tennessee at the time of the Defendant's conviction in 2008, [s]tatutory [r]ape [was now] a [r]egistry eligible offense in Tennessee at the [trial c]ourt's discretion."[3] Citing to Ward v. State, 315 S.W.3d 461, 468 (Tenn. 2010), for support that the present form of the registration act is applicable to the Defendant, the State reasoned that, "as long as the Defendant's conviction in Michigan required him to register as a sex offender in that state, the current statutory law in Tennessee may also require him to register in this state."

A hearing was held on the Defendant's motion to dismiss. After hearing the arguments of counsel, the trial court granted the Defendant's motion, finding that the Defendant was not a sexual offender pursuant to the statutory definition and, therefore, was not subject to the residential and work restrictions of Tennessee Code Annotated section 40-39-211(a). The trial court additionally found that the Defendant was "not chargeable under 40-39-203" again because the Defendant did not qualify as an offender under the registration act and, additionally, because he was not charged "with that crime." The State appealed.

## ANALYSIS

---

[3] At the time of the Defendant's guilty plea in Michigan, "[s]exual offense" was defined in Tennessee Code Annotated 40-39-202(20)(A)(ii) to include "[s]tatutory rape, under § 39-13-506, if the defendant has one (1) or more prior convictions for mitigated statutory rape under § 39-13-506(a), statutory rape under § 39-13-506(b) or aggravated statutory rape under § 39-13-506(c)[.]" That subsection has since been amended to include the additional language "or if the judge orders the person to register as a sexual offender pursuant to § 39-13-506(d)[.]"

A defendant's obligations as a convicted sexual offender are listed in Tennessee Code Annotated sections 40-39-201 to -215, otherwise known as the "Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004" ("The Act"). The Act is a comprehensive statute requiring persons convicted of a sexual offense or violent sexual offense to provide to law enforcement officials certain regularly updated information, including the offender's residence, employment, electronic mail or other internet identification, and other personal information. Tenn. Code Ann. § 40-39-203; see also Ward, 315 S.W.3d at 468. Tennessee's sexual offender registration act was first adopted in 1994 and has been amended multiple times since then. According to our supreme court, the Act's language evinces a clear intent that the registration requirements be applied retroactively to any sexual offender. See id. (citing to the then in effect code sections). Consequently, the registration act, in its present form, is applicable to a defendant rather than the version in effect at the time of his or her conviction. See id.

> Violations of the Act include, but are not limited to, the following:
>
> (1) Failure of an offender to timely register or report;
> (2) Falsification of a TBI registration form;
> (3) Failure to timely disclose required information to the designated law enforcement agency;
> (4) Failure to sign a TBI registration form;
> (5) Failure to pay the annual administrative costs, if financially able;
> (6) Failure to timely disclose status as a sexual offender or violent sexual offender to the designated law enforcement agency upon reincarceration;
> (7) Failure to timely report to the designated law enforcement agency upon release after reincarceration;
> (8) Failure to timely report to the designated law enforcement agency following reentry in this state after deportation; and
> (9) Failure to timely report to the offender's designated law enforcement agency when the offender moves to another state.

Tenn. Code Ann. § 40-39-208(a)(1). Additionally, Tennessee Code Annotated section 40-39-211 imposes certain other residential and work requirements on sexual offenders, providing in part as follows:

> (a) While mandated to comply with the requirements of this chapter, no sexual offender, as defined in § 40-39-202, or violent sexual offender, as defined in § 40-39-202, whose victim was a minor, shall knowingly establish a primary or secondary residence or any other living accommodation, knowingly obtain sexual offender treatment or attend a sexual offender

treatment program or knowingly accept employment within one thousand feet (1,000') of the property line of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public.

The remaining subsections of this statute impose further restrictions on sexual offenders; however, those subsections are not implicated in the case at bar. A "knowing" violation of the Act is a Class E felony. See Tenn. Code Ann. § 40-39-208(a), (b). Generally, a person "acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist." Tenn. Code Ann. § 39-11-302(b).

The General Assembly clearly indicated its intent that the registration act was a remedial and regulatory measure rather than a punitive measure. Ward, 313 S.W.3d at 469. The legislative findings and declarations in support of the Act's registration requirements are found at Tennessee Code Annotated section 40-39-201(b) and include the following:

(b) The general assembly finds and declares that:

(1) Repeat sexual offenders, sexual offenders who use physical violence and sexual offenders who prey on children are violent sexual offenders who present an extreme threat to the public safety. Sexual offenders pose a high risk of engaging in further offenses after release from incarceration or commitment and protection of the public from these offenders is of paramount public interest;
(2) It is a compelling and necessary public interest that the public have information concerning persons convicted of sexual offenses collected pursuant to this part, to allow members of the public to adequately protect themselves and their children from these persons;
. . . .
(4) . . . the general assembly finds that releasing information about offenders under the circumstances specified in this part will further the primary governmental interest of protecting vulnerable populations from potential harm;
(5) The registration of offenders, utilizing complete and accurate information, along with the public release of specified information concerning offenders, will further the governmental interests of public safety and public scrutiny of the criminal and mental health systems that deal with these offenders;
(6) To protect the safety and general welfare of the people of this state, it is necessary to provide for continued registration of offenders and for the public

release of specified information regarding offenders. This policy of authorizing the release of necessary and relevant information about offenders to members of the general public is a means of assuring public protection and shall not be construed as punitive;

. . . . ; and

(8) The general assembly also declares, however, that in making information about certain offenders available to the public, the general assembly does not intend that the information be used to inflict retribution or additional punishment on those offenders.

(Emphasis added). See also Ward, 315 S.W.3d at 469-70. The plain language of this statute expresses a nonpunitive intent to protect the public. Ward, 315 S.W.3d at 470. In addition, as noted by the General Assembly, the registration requirement does not inflict additional punishment on a defendant nor does it alter the range of punishment. Id.

In this appeal, the State argues that the trial court "necessarily found that the [D]efendant's act of criminal sexual conduct in the third degree in Michigan would not qualify as statutory rape in Tennessee" in the face of an insufficient record to make such a determination. Accordingly, the State contends that it was error to grant the motion to dismiss on the basis that the Defendant was not a "sexual offender" under the statutory definition of the Act and that we should remand for an additional hearing. The Defendant submits that the State has changed theories on appeal, arguing below whether the Defendant had established a presence in Tennessee and was therefore required to register pursuant to section 40-39-203(a)(2) and further bound to obey section 40-39-211(a), and now, whether his Michigan sex crime would be classified as statutory rape in Tennessee. The Defendant further argues that statutory rape is not a sexual offense for purposes of the Act "unless one has a prior such conviction or one is being sentenced for statutory rape in Tennessee for the first time and the [c]ourt orders the person to register as a sexual offender." However, no one disagrees with the Defendant that he does not have a prior conviction or that he has ever been convicted of a sexual offense in Tennessee.

On appeal, both the Defendant and the State focus on whether the Defendant qualifies as a sexual offender subject to the requirements of the Act by comparing the elements of the Michigan offense to the offense of statutory rape in Tennessee codified in section 39-13-506(b). The Defendant correctly notes that the State has seemingly abandoned its argument on appeal about the applicability of 40-39-203(a)(2). However, our resolving this argument involves principles of statutory construction, which includes a review of all relevant sections of the Act.

"The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995) (citing State v. Sliger, 846 S.W.2d 262, 263 (Tenn. 1993)). Where the statute's language is clear and unambiguous, we derive the legislative intent from its plain and ordinary meaning. State v. Collins, 166 S.W.3d 721, 726 (Tenn. 2005) (citing State v. Wilson, 132 S.W.3d 340, 341 (Tenn. 2004)). If, however, "the parties derive different interpretations from the statutory language, an ambiguity exists, and we must look to the entire statutory scheme in seeking to ascertain legislative intent." Owens, 908 S.W.2d at 926 (citing Lyons v. Rasar, 872 S.W.2d 895, 897 (Tenn. 1994)). In ascertaining the intent of the legislature, courts "'may look to the language of the statute, its subject matter, the object and reach of the statute, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment.'" Collins, 166 S.W.3d at 726 (quoting State v. Gilliland, 22 S.W.3d 266, 275 (Tenn. 2000)). "Statutes 'in pari materia'—those relating to the same subject or having a common purpose—are to be construed together." Owens, 908 S.W.2d at 926 (citing Lyons, 872 S.W.2d at 897). Furthermore, the rules of statutory construction direct courts not to "apply a particular interpretation to a statute if that interpretation would yield an absurd result." State v. Sims, 45 S.W.3d 1, 11 (Tenn. 2001). Issues of statutory construction are reviewed de novo without any presumption of correctness. See Carter v. Bell, 279 S.W.3d 560, 564 (Tenn. 2009).

At the time of the Defendant's 2008 guilty plea in Michigan, "[s]exual offense" under the registration act was defined in Tennessee Code Annotated 40-39-202(20)(A)(ii) to include "[s]tatutory rape, under § 39-13-506, if the defendant has one (1) or more prior convictions for mitigated statutory rape under § 39-13-506(a), statutory rape under § 39-13-506(b) or aggravated statutory rape under § 39-13-506(c)[.]" That subsection has since been amended to include the additional language "or if the judge orders the person to register as a sexual offender pursuant to § 39-13-506(d)[.]" This change went into effect on July 1, 2012. See Act of May 9, 2012, ch. 883, § 2, 2012 Tenn. Pub. Acts. The Michigan judgment form clearly indicates that the Defendant was required to register for the sexual offender registry in that state following his guilty plea.[4] A trial court in Tennessee could likewise now order an offender guilty of statutory rape to register in this State pursuant to the 2012 amendment. The Defendant was indicted for the registry offense alleged to have been committed on April 18, 2013. Thus, we observe that the Defendant likely meets the

---

[4] See Mich. Comp. Law Ann. § 28.722(k), (v) (defining a violation of section 750.520d as a "Tier III offense" for purposes of the Michigan sexual offender registration act unless the "court determines that the victim consented to the conduct constituting the violation, that the victim was at least 13 years of age but less than 16 years of age at the time of the offense, and that the individual [was] not more than 4 years older than the victim").

definition of "sexual offender" due to our supreme court's decision in Ward applying the present form of the Act to a defendant.

However, we feel it unnecessary to engage in an exhaustive analysis of the definitions found in section 40-39-202 and their import or in a comparison of the elements of the Michigan offense to the Tennessee offense because we conclude that section 40-39-203(a)(2) is dispositive of the issue. We agree with the State's argument in the trial court that section 40-39-203(a)(2) requires any out-of-state offender, ordered to register in the convicting state, to register in this state upon establishing sufficient contact, regardless of the conviction offense. Section 40-39-203 provides, in pertinent part, as follows:

> (a)(1) Within forty-eight (48) hours of establishing or changing a primary or secondary residence, establishing a physical presence at a particular location, becoming employed or practicing a vocation or becoming a student in this state, the offender shall register or report in person, as required by this part. Likewise, within forty-eight (48) hours of release on probation or any alternative to incarceration, excluding parole, the offender shall register or report in person, as required by this part.
> (2) Regardless of an offender's date of conviction, adjudication or discharge from supervision, an offender whose contact with this state is sufficient to satisfy the requirements of subdivision (a)(1) is required to register in person as required by this part, if the person was required to register as any form of sexual offender, juvenile offender or otherwise, in another jurisdiction prior to the offender's presence in this state.

We conclude that the plain language of this statute requires registration in Tennessee because the Defendant was required to register in Michigan where the offense was committed. When the Defendant established sufficient contact with this State, this triggered the requirements of the registration act. See, e.g., Turner v. State, 937 So. 2d 1184, 1185 (Fla. Dist. Ct. App. 2006) (holding that a statute extending the scope of sex offenders subject to the registration requirement to those designated as such in another state and subject to registration in that state did not violate equal protection but was rationally related to the legislature's intent to include Florida residents who had been designated sex offenders by another state); Hendrix v. Taylor, 579 S.E.2d 320, 322-25 (S.C. 2003) (affirming as constitutional the requirement that appellant register on the South Carolina Sex Offender Registry for an offense he committed in Colorado when the equivalent offense, if committed in South Carolina, would not have triggered the requirement). Classification of the Defendant as a sexual offender is reasonably related to the legitimate state purposes of protecting the public and public scrutiny of the criminal. See Tenn. Code Ann. § 40-39-201. Moreover, this holding gives comity to

Michigan's adjudication and reasonably protects Tennessee residents by not allowing sexual offenders to move into Tennessee in order to avoid registration.

We also note that the Defendant was not charged with violating the Act by failing to register in this State but rather upon establishing his primary residence within one thousand feet of a licensed day care. <u>See</u> Tenn. Code Ann. § 40-39-211(a). The initial clause of section -211(a) reads, "While mandated to comply with the requirements of this chapter, no sexual offender, as defined in § 40-39-202, or violent sexual offender, as defined in § 40-39-202," shall engage in the prohibited behavior. If we were to read the plain text of this clause literally, this section would only apply to an offender classified by the Tennessee Code, which would yield an absurd result and cannot be what the legislature intended as the legislature also made provisions for out-of-state offenders to register. Looking at the entire statutory scheme, we further conclude that, if the Defendant was mandated to comply with the registration requirements of the Act, this necessarily included the restrictions on establishing a place of residence forbidden by section -211(a). Therefore, we conclude that the Defendant was an offender subject to all requirements of the registration act, and the indicted charge may proceed.

## CONCLUSION

Based upon the foregoing, the trial court's order of dismissal is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

_____
D. KELLY THOMAS, JR., JUDGE